## VEEDER v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Seventh Circuit.
December 5, 1929.

No. 4090.

Maurice Weigle, of Chicago, Ill., for petitioner.

Randolph C. Shaw, of Washington, D. C., for respondent.

Before ALSCHULER and PAGE, Circuit Judges, and LUSE, District Judge.

LUSE, District Judge. This matter comes before the court on a petition, under section 1003 (a) of the Revenue Act of 1926 (26 USCA § 1226), to review an order of redetermination of the Board of Tax Appeals holding that there was a deficiency tax for the year 1921, amounting to $559.30, properly assessed against the petitioner by the Commissioner of Internal Revenue.

On March 15, 1922, petitioner filed a return of income for the year 1921. By section 277 of the Act of 1924 (26 USCA § 1057, note), income taxes imposed by the Revenue Act of 1921 were required to be assessed within 4 years after the return was filed, and hence such limitation would have expired on March 15, 1926.

On February 3, 1926, respondent, acting under the provisions of section 274 (d) of the 1924 act (26 USCA § 1051, note), made a "jeopardy" (so-called) assessment of a deficiency amounting to $832.14 against petitioner, and on the same date notified petitioner of such deficiency assessment and of his right to file a claim in abatement under section 279 of that act (26 USCA § 1063, note). The statement accompanying the Commissioner's letter of February 3, 1926, disclosed that the deficiency was based upon petitioner's omission to deduct depreciation upon a building in Chicago from a loss upon sale of real estate which he deducted in his original return.

Such statement also contained the following:

"It will be impracticable to give you the usual thirty-day notice of the proposed assessment for the year 1921 in view of the expiration at an early date of the four-year period provided by Section 277 (a) of the Rev-

enue Act of 1924, within which assessment for this year may be made. In order that the interests of the Government may not be jeopardized, assessment of the tax for the year 1921 will be made immediately."

On February 26, 1926, petitioner filed a claim for the abatement of the full amount of the deficiency tax under section 279, Act of 1924 (26 USCA § 1063, note), but was advised by respondent on November 23, 1926, that it was proposed to allow the abatement claim in the amount of $272.84 and reject it in the sum of $559.30. On January 24, 1927, after a hearing before the respondent, the latter notified petitioner of his adherence to his former proposal. Respondent sought review before the Board of Tax Appeals, which redetermined the deficiency in conformity with the determination of the Commissioner.

It appears that investigation by field agents of the Treasury Department disclosed that the real property sold by petitioner included no buildings, and hence no depreciation was required to be deducted, but it was also found that, in computing his loss on the sale, petitioner had used the March 1, 1913, value rather than the lower value in March, 1910, when petitioner had acquired the property by gift. The final determination of the Commissioner was a readjustment and downward revision of the first assessment, based upon this new information.

The contention of the petitioner before the Board of Tax Appeals and here was: (1) That the correct deficiency assessment made by the Commissioner after petitioner had filed his claim in abatement was in fact a new assessment, made after the expiration of the period of limitation; (2) that the imminent expiry of the period of limitation is not a ground upon which the Commissioner may base a belief that assessment and collection of a deficiency is jeopardized; (3) that the Board of Tax Appeals erred in refusing to inquire into the basis for the Commissioner's belief that jeopardy existed.

Upon the oral argument, a number of the points made by petitioner's counsel in their brief were definitely abandoned by them, and, while his contention No. 1 above was not stressed upon the argument, we do not feel warranted in including it among the points so abandoned, and hence will discuss it briefly.

█ The term "deficiency" is defined in section 273 of the Act of 1924 (26 USCA § 1047) as "the amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return." Such definition indicates that a deficiency consists, not of a theory or a method of computation, but of a sum of money representing the difference between what the taxpayer's return discloses and what the law in fact imposes on him under the actual circumstance.

In making the assessment originally, the Commissioner acted on incomplete information, but nevertheless the assessment was made on account of an excessive claim of loss resulting from the sale of certain real property. Complete information about the sale indicated that the loss was greater than the original deficiency assessment allowed, but less than petitioner's original return disclosed, and, upon the demand of petitioner under his claim for abatement, the original assessment was reduced. In view of the fact that the amount of the assessment as finally fixed was lower than, and comprehended within the sum originally assessed, and particularly in view of the fact that the original and amended deficiency assessment related to the same loss, we see no error in the conclusion of the Board that there was but one assessment involved, and that one was assessed within the 4-year statutory period.

█ Does the imminence of the expiry of the period within which an assessment may be made constitute a ground upon which the Commissioner may base a belief that "the assessment or collection of a deficiency will be jeopardized by delay," and assess a deficiency under section 274 (d) of the Act of 1924 (26 USCA § 1051, note)?

Assessments made by the Commissioner under the provisions of section 274 (d) may be reviewed by the Board of Tax Appeals only upon the taxpayer's filing a claim of abatement, with bond, under section 279. Normally, the procedure is under section 274 (a) and (b) (26 USCA §§ 1048, note, 1049, note), and no assessment is made until opportunity is afforded for review by the Board of Tax Appeals. This the Supreme Court characterizes, in Russell v. U. S., 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255, as "a new and valuable right." However, it is plain that, under some circumstances, the Commissioner may make an immediate assessment, without notice, under the provisions of section 274 (d), 26 USCA § 1051, note. Petitioner argues that the only legitimate bases for such belief by the Commissioner are such acts on the part of the taxpayer as are described in section 282 of the Act of 1924 (26 USCA § 1066), and which will make delay dangerous to the effective assessment and collection of a deficiency. However, we think this argument overlooks the distinction be-

tween deficiencies under section 273, Act of 1924 (26 USCA § 1047) which presupposes a return made or previous assessment, or collection without assessment, which is the subject-matter of section 274 (d), and the powers accorded the Commissioner by section 282, generally, to declare the taxable period immediately terminated for a taxpayer designing quickly to depart from the country. Section 274 deals with situations where tax returns have been filed and deficiencies are found therein, while section 282 empowers the Commissioner, among other things, to deal with emergencies created by the taxpayer, by immediately terminating the taxable period, whether or not return has been filed or is yet normally due. No reason is perceived why the belief of jeopardy in the assessment or collection of deficiencies, referred to in section 274 (d), should be limited to the acts of taxpayer referred to in section 282. Rather we think the sections are designed to supplement one another, extending to the Commissioner extraordinary powers in the different situations which may confront him, and that section 282 does not operate to exclude the early expiry of a limitation period as a basis for the belief by a Commissioner that jeopardy exists under section 274 (d).

It is urged, however, that subdivision (b) of section 277, Act of 1924 (26 USCA § 1057, note) dissipates any necessity for considering the early expiration of the limitation period as endangering the collection or assessment of a tax. That section reads:

"The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 and no appeal has been filed with the Board of Tax Appeals, or, (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board."

Obviously this section abates to a considerable degree the rigidity of the statute of limitations and should, normally, substantially decrease the number of cases in which the Commissioner believes that jeopardy exists. However, as we read section 274 (a) and (b), 26 USCA §§ 1048, note, 1049, note, governing the normal procedure of deficiency determinations and assessments, assessment by the Commissioner follows the expiration of the 60-day period allowed for appeal, in the event no appeal is taken, and follows the final decision of the Board of Tax Appeals, in the event an appeal is taken, so that in either event it remains for the Commissioner to make an assessment either after the expiration of the 60-day period allowed for the appeal or the final decision of the Board of Tax Appeals. Thus, if notice of determination of a deficiency were given one day prior to the expiry of the statutory period of limitation, there would remain but one day in which the Commissioner might make an assessment, even though the extensions of the statute of limitations provided by section 277 (b), 26 USCA § 1057, note, be invoked. Hence we are unable to say that, as a matter of law, the existence of section 277 wholly obviates the danger to an assessment or its collection, resulting from the imminence of the expiry of the limitation period.

In the instant case, had the Commissioner proceeded under section 274 (a) and (b) to give notice of his determination of a deficiency on February 3, 1926, instead of making the (so-called) "jeopardy" assessment, the limitation period would have been so extended by the provisions of section 277 (b) as to afford the Commissioner 40 days after the 60-day appeal period had expired, or after the final decision of the Board of Tax Appeals had been rendered, within which to have made an assessment. While this would appear to be ample, nevertheless, whether it was so in fact must depend upon numerous circumstances peculiarly within the knowledge and understanding of the Commissioner, including the press of similar matters in the Bureau and in the Field.

On the appeal by petitioner from the Commissioner's ruling upon the former's claim for abatement, the Board of Tax Appeals declined to inquire into the reasons which formed the basis of the Commissioner's *belief* that the assessment or collection of the deficiency would be jeopardized by delay. In thus holding the Board consistently followed its ruling in a number of decisions. See California Associated Raisin Co., 1 B. T. A. 1251; Clois L. Greene, 2 B. T. A. 148; James Couzens v. Commissioner of Internal Revenue, 11 B. T. A. 1040, 1157 et seq.

In the case first above cited the Board stated the ground for thus holding, as follows:

"Congress has expressly based the power of jeopardy assessment upon the Commissioner's official belief, consistently with his responsibility for the protection and collection of the revenue. If he so exercised this power as to be arbitrary and oppressive the remedy lies with the courts, as it does with any

official abuse of power or discretion. The appeal to this Board can not be used for this purpose, especially when Congress has expressly provided an appeal on the merits from the denial of a claim for abatement."

In the Couzens Case, supra, the Board was urged to withdraw the rule announced in the Raisin Company Case, and it was urged that the jeopardy assessment, being void because the fact that the statutory limitation period was about to expire, was insufficient to warrant a belief on the part of the Commissioner that the assessment was jeopardized, and, inasmuch as the procedure by way of determination of a deficiency appeal to the Board of Tax Appeals and assessment had not been followed, there existed no valid assessment. To this contention the Board, in its opinion, stated:

"The effect of such a reading of the statute is that when the Commissioner determines that a deficiency exists and at the same time believes that delay will jeopardize its collection, his election to assess is at the peril of losing the tax entirely, for even if the deficiency be clear, it would be lost if the belief of jeopardy proved to be mistaken. Such a construction demonstrates with increased force, the wisdom of the rule stated in California Associated Raisin Co., 1 B. T. A. 1251, that the Board is without power to adjudicate whether the circumstances upon which the Commissioner acted were such as to denote jeopardy and justify his belief. We adhere to that decision."

While the question is not free from doubt, we are of opinion that the review before the Board of Tax Appeals under section 279 (b), Act of 1924 (26 USCA § 1063, note), which review is upon the Commissioner's ruling upon the claim of abatement, brings before the Board the merits of the question of the taxpayer's liability, and the amount thereof. While there are important differences between the procedure under section 274 (a) and (b) (26 USCA §§ 1048, note, 1049, note), on the one hand, and section 274 (d) (26 USCA § 1051, note), on the other, such differences are matters of procedure not affecting the amount or justice of the tax which the taxpayer will ultimately be required to pay. Whether the Commissioner should proceed under (a) and (b) of section 274, or under (d) thereof, is an administrative question not affecting the amount of the tax. There is also the absence of statutory standards by which any reviewing body may test the correctness of the belief of the Commissioner. These two elements quite clearly distinguish the instant case from that of Blair v. Oesterlein Machine Co., 275 U. S. 220, 48 S. Ct. 87, 72 L. Ed. 249. The provisions of section 274 (d), permitting the Commissioner to make jeopardy assessments pending appeal from his determination of a deficiency, seems inconsistent with congressional intent that the Board should, on review of a claim in abatement of such an assessment, inquire into the reasons prompting the Commissioner to thus proceed.

On the whole, we see no error in the conclusion arrived at by the Board of Tax Appeals, and hence the petition is denied.

PAGE, Circuit Judge. Whether the early expiration of the statute of limitations justified the Commissioner in making the deficiency assessment without notice presents a question of law upon which the Board of Tax Appeals should have passed. The Couzens and Raisin Cases, cited, are not, in my opinion, authorities to the contrary.