## EXCELSIOR MOTOR MFG. & SUPPLY CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4048.

Circuit Court of Appeals, Seventh Circuit.

Oct. 21, 1930.

John E. Hughes and Clarence N. Goodwin, both of Chicago, Ill., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Randolph C. Shaw, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley Suydam, Sp. Atty. Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before EVANS, SPARKS, and PAGE, Circuit Judges.

PAGE, Circuit Judge.

A review is asked of the action of the Board of Tax Appeals on petitioners' 1918 income tax.

Respondent urges that this court is without jurisdiction because the facts bring the case within the exceptions stated in section 1001(a) of the Revenue Act of 1926 (44 Stat. 109, 26 USCA § 1224(a). It is admitted that Chicago Ry. Equipment Co. v. Blair (C. C. A.) 20 F.(2d) 10, if adhered to, governs this case. We see no reason to change the conclusion there reached.

It is also urged by respondent that the board, because of the provisions of its rule 50, did not err in refusing to hold that the tax was barred by the statute of limitations.

After a hearing on January 14 and 15, 1926, the board, on November 20, 1926, filed its findings of fact and opinion. March 9, 1927, petitioners filed a notice of settlement of no deficiency, on the ground that the commissioner had failed to collect the tax within the statutory period. A hearing was had thereon April 28, 1927. July 5, 1927, the order of redetermination was entered, in which appears the following:

"Hearing was had on the alternative notices of settlement on April 28, 1927, at which counsel for the petitioners sought to introduce evidence to the effect that the statute of limitations had operated to bar the deficiency. This was an entirely new issue in the case. The Board is of the opinion that on a settlement under Rule 50 of the Board it is not competent for either the petitioner or the Commissioner to inject new issues into the case requiring the introduction of evidence."

The hearing of April 28th was wholly devoted to bringing out the facts relating to the running of the statute of limitations. When petitioners brought to the notice of counsel for the government that the statute had not been pleaded, that point was waived. The member of the board holding the hearing helped to bring out those facts. No objection was made by any one; the facts were all agreed to.

It appeared that there had been no waiver; that no part of the deficiency had been paid; that no suit or proceeding had been commenced to collect the tax; and that the tax return was filed on or before June 14, 1919. The record showed that a jeopardy assessment had been made on February 1, 1924, before the passage of the 1924 Revenue Act on June 2, 1924 (43 Stat. 253). If that is the assessment relied on, then it was controlled by section 277(a)(2) of the 1924 Act (26 USCA § 1057 note), the statute ran in five years, and no action could be begun after the expiration of that period. Russell v. U. S., 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255. If the assessment is to be regarded as made on May 26, 1925, when the sixty-day letter was sent, then it was not made within five years after the return was filed, June 14, 1919, or before the running of the statute as provided in section 277(a)(2). The situation is not affected by section 278(d) of the act of 1924 (26 USCA § 1061 note), because the assessment was not made within the period prescribed in section 277.

It is not contended by respondent that the statute of limitations had not run, but it is urged that no attempt was made to plead the statute. That point was expressly waived. Considering what was said and done at the hearing, there can be little doubt but that, had a written plea been tendered, permission to file it would have been given. We think this case should be considered just as though a written plea had been filed because the board having permitted the oral plea without objection, and having heard the evidence by consent of both parties, petitioners should have the benefit of the pleading. The sole reason for denying petitioners the benefit of the statute is that set out above in the order of redetermination. Even if rule 50 was capable of the interpretation placed upon it by the board, we find nothing in the rule, or in reason, that would prevent either or both parties raising a new issue at any time before the case was finally disposed of, with the consent of the board, which consent was given in this case. In its brief respondent, inadvertently we assume, quotes, as a part of rule 50, an addition thereto adopted in May, 1928, nearly a year after the entry of the order of redetermination.

The order should be and is reversed, with directions to proceed in harmony with this opinion.