810

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Frederick W. Dewart, and Francis A. Le Sourd, Sp. Assts. to Atty. Gen., for petitioner.

Hartley F. Peart, of San Francisco, Cal. (Howard Hassard, of San Francisco, Cal., of counsel), for respondents.

Before WILBUR and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Petitioner seeks a review of the order of the Board of Tax Appeals holding that the statute of limitations barred the collection of the deficiency of $46,488.05 in the taxpayer's income tax for the year 1919. The order of the Board of Tax Appeals was also based upon its holding that the income proposed to be taxed by the Commissioner was not taxable for the reason that it consisted of corporate dividends distributed from earnings and profits of the corporation accumulated prior to March 1, 1913, and under the applicable acts of Congress was not taxable income. Both petitioner and respondents agree that since the filing of the petition for review this latter question has been determined by the

COMMISSIONER OF INTERNAL REVENUE
v. RICKER et al.
No. 7472.

Circuit Court of Appeals, Ninth Circuit.
May 20, 1935.

Supreme Court in Helvering v. Canfield, 291 U. S. 163, 54 S. Ct. 368, 78 L. Ed. 706, in favor of petitioner, and, if the decision of this court on the question of the statute of limitations is in favor of petitioner, the case should be remanded to the Board of Tax Appeals for a redetermination in accordance with the decision of the Supreme Court. Thus the sole question to be determined by us is as to whether or not the collection of the deficiency determined by the Commissioner is barred by the applicable statute of limitations.

The facts are not in dispute and may be briefly stated. The income tax return of the taxpayer for the year 1919 was filed on March 15, 1920. On October 18, 1923, the Commissioner made a noncompliance or jeopardy assessment of the deficiency in the amount of $154,633.09 as to which an abatement claim was duly filed by the taxpayer which was undetermined at the effective dates of the Revenue Acts of 1924 and 1926. On August 20, 1926, the Commissioner mailed a sixty-day letter to the taxpayer in conformity with section 283 (e) of the Revenue Act of 1926 (26 USCA § 1064 (e) stating that the taxpayer's claim in abatement had been allowed for $108,-175.04 and rejected for $46,488.05. On October 5, 1926 a petition for redetermination was filed with the Board of Tax Appeals.

Section 250 (d) of the Revenue Act of 1921 (42 Stat. 264) limited the time within which income and profits taxes imposed by the Revenue Act of 1918 might be assessed and within which suit might be brought to collect them, to five years from the date of the filing of the return. Section 277 (a) (2) of the Revenue Act of 1924 (26 USCA § 1057 note) provided that the amount of income tax imposed by the Revenue Act of 1918 "shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period," thus retaining the five-year limitation upon both assessment and collection of the tax. Section 278 (d) of the Act (26 USCA § 1061 note) provided that where the assessment was made within the five-year period the tax might be collected by distraint or suit "begun within six years after the assessment of the tax." However, by section 278 (e) of the Act (26 USCA § 1062 note) it was provided that this latter provision should not affect any assessment made before the enactment of this act. By reason of this

provision the Supreme Court in Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255, held that the period for collecting the tax was not extended to six years after the assessment where the assessment had been made before the statute was enacted. See, also, Excelsior Motor Mfg. & Supply Co. v. Comm'r (C. C. A.) 43 F.(2d) 968.

■ It is apparent that if the jeopardy assessment is an assessment within the meaning of section 278 (e) of the Revenue Act of 1924, that the six-year period for the collection of the assessment after it is levied does not apply. The petitioner admits that the only assessment made in the case is the jeopardy assessment, but contends that that assessment was not final by reason of the abatement proceedings instituted by the taxpayer before the Commissioner, and that such an assessment followed by a petition for the abatement of the amount of the tax was not the sort of assessment contemplated by Congress in the enactment of section 278 (e) preventing the operation of section 278 (d) giving six years after the assessment for the collection of the tax. Neither the Revenue Act of 1918 nor 1921 provided for any claim in abatement and such a claim did not suspend the right of the collector to proceed with the collection of the tax. If he desired to consider the claim in abatement and felt that the delay incident to such consideration might result in the running of the statute of limitation before the tax was collected he could have obtained a waiver of the statute of limitations.

The fact that a claim in abatement had been filed and proceedings for collection had been delayed until the claim had been acted upon would not interrupt the running of the statute of limitations against the collection of the deficiency was recognized by the Supreme Court in Graham & Foster v. Goodcell, 282 U. S. 409, 417, 51 S. Ct. 186, 75 L. Ed. 415. See, also, Gulf States Steel Co. v. U. S. (C. C. A. 5) 56 F.(2d) 43, 46.

■ With regard to whether a jeopardy assessment followed by a claim in abatement which was pending at the time the 1924 Act became effective was such an assessment as was contemplated by Congress in the enactment of section 278 (e) of that act, the conclusion that it was seems inescapable. The language of that section is clear and unambiguous and excludes from the provisions of section 278 (d) "any as-

sessment made, or distraint or proceeding in court begun before the enactment of this Act." A jeopardy assessment is clearly an assessment and comes within the broad term "any assessment" used in that section. Support for this conclusion is found in the House and Senate Committee reports on this bill. See Senate Reports on Public Bills, vol. 1, 68th Cong., 1st Sess., Report No. 398, p. 32; House Reports on Public Bills, vol. 1, 68th Cong., Report No. 179, p. 26. See, also, Veeder v. Comm'r (C. C. A.) 36 F.(2d) 342; Excelsior Motor Mfg. & Supply Co. v. Comm'r (C. C. A.) 43 F.(2d) 968.

Petitioner also relies upon section 283 (e) of the Revenue Act of 1926 (26 USCA § 1064 (e), to toll the statute of limitations, but that section by its terms is subject to section 277 (a) (3) of the same act (26 USCA § 1057 (a) (3), which fixed the period of limitation for assessment and collection of taxes under the 1918 Act at five years after return filed (section 277 (a) (3), in the same language above quoted from section 277 (a) (2) of the Revenue Act of 1924. The assessment in the case at bar was made prior to June 2, 1924, the effective date of the Revenue Act of 1924, and collection of the deficiency tax was barred on March 15, 1925, five years after the filing of the return. Russell v. U. S., supra.

Order affirmed.