### KOCIN v. UNITED STATES.

No. 150, Docket 21873.

United States Court of Appeals
Second Circuit.

Submitted Feb. 7, 1951.

Decided March 12, 1951.

708

Underhill & Rubinger, New York City (Hyman Frank, New York City, of counsel), for trustee.

Theron Lamar Caudle, Ellis N. Slack, A. F. Prescott and Francis W. Sams, all of Washington, D. C. (Frank J. Parker, U. S. Atty., Nathan Borock, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for the United States.

Before L. HAND, SWAN and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal by the trustee in bankruptcy from an order confirming the order of the Referee allowing the claims of the United States for income and excess profits taxes for the fiscal year ending June 30, 1945. The Commissioner disallowed part of the sales commissions paid to Toy Sales Company. Toy Sales Company was a partnership which was organized in 1945 to take over the selling functions previously performed by the taxpayer. It was composed of three general partners and three special partners. The general partners were officers and stockholders of the taxpayer, the special partners were salesmen who had formerly been in the employ of the taxpayer. Each partner contributed $1,000. Each special partner received 6% of his capital investment and 1⅔% commission on all sales. The balance of partnership profits was divided equally among the general partners. In the fiscal year 1945 they received some $22,000 from the partnership. In the fiscal year 1946 likewise they received some $27,-000. These sums the Commissioner charged back to gross income of the taxpayer thereby increasing its income and excess profits taxes due for the fiscal year 1945. Whether he was justified in so doing is the sole question here.

We think the Referee correctly answered it. That answer could rest on 26 U.S.C.A. § 22(a) and the doctrine which finds general expression in Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596.[1] For the partnership served no business purpose. In keeping with the decisions, it could be called a "sham," a "disguise," a "masquerade," a "fiction," a "subterfuge," a "make-believe," a "mere pretense," a "mask," a "screen," a "veil," an "artifice," a "ruse," or other names, supplied by the dictionary, which indicate that it does not succeed as an insulator of the corporation from tax liability. The Commissioner relied on 26 U.S.C.A. § 45 and the Regulation issued pursuant thereto; they also sustain the decision below.

Affirmed.

---

1. See also our opinion in that case, 2 Cir., 69 F.2d 809. The Supreme Court, 293 U.S. at page 469, 55 S.Ct. at page 267, said: "The reasoning of the court below * * * leaves little to be said."