**TRANSPORT MANUFACTURING & EQUIPMENT COMPANY OF DELAWARE, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 19694.**

United States Court of Appeals, Eighth Circuit.

Sept. 15, 1970.

Guy A. Magruder, Jr., Kansas City, Mo., on brief for appellant.

Milan D. Karlan, Atty., Dept. of Justice, Washington, D. C., for appellee; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attys., Washington, D. C., on brief.

Before BLACKMUN,* MEHAFFY and LAY, Circuit Judges.

## PER CURIAM.

This is the second appeal involving the issue whether the petitioner suffered a deductible loss in 1956 upon the sale of certain trailers to Riss & Co., a corporation having substantially the same stockholders as the taxpayer. This court earlier remanded the issue to the Tax Court for a factual determination as to whether the taxpayer's adjusted losses arising from the sale are deductible. Transport Mfg. & Equip. Co. of Delaware v. Commissioner of Internal Revenue, 374 F.2d 173 (8 Cir. 1967). Upon remand the Tax Court of the United States, in an opinion written by Judge Forrester, T.C. Memo 1968–190, found that the sale of the trailers was not bona fide. The Tax Court held "that the difference between TM&E's basis in the trailers and the $34,500 received from Riss & Company represents a capital contribution to Riss & Company by the shareholders of TM&E."

On appeal the taxpayer urges that the findings of the Tax Court are not based upon the evidence and are clearly erroneous. It is likewise urged that the Tax Court applied the wrong legal standard in making its determination. We think that taxpayer misconstrues the Tax Court's application of the standards involved. On the basis of the findings made by the Tax Court as a trier of fact, we cannot say they are clearly erroneous. Upon review, we are satisfied there exists sufficient evidence and inference therefrom to support the Tax Court's finding that the trailers were not sold to Riss & Co. at fair market price. We think the Tax Court properly concluded that this sales price would not have been offered to unrelated third parties.[1] This, as the Tax Court so reasoned, was persuasive indicia of bad faith and of a sale not bona fide.

On the basis of the evidence presented and the findings made by Judge Forrester, the judgment is affirmed.

---

\* Mr. Justice Blackmun, who sat on this panel as a member of this Court before his elevation to the United States Supreme Court, did not participate in the consideration or decision of this case.

1. Compare Judge Mehaffy's observation in Investors Diversified Services, Inc. v. Commissioner of Internal Revenue, 325 F.2d 341, 349 (8 Cir. 1963) :

"It is axiomatic that purchase price is not necessarily the proper cost basis in transactions which are not conducted at arm's length or motivated by other peculiar considerations which influence the taxpayer who gives a price in excess of the fair market value."