**TRANSPORT MANUFACTURING & EQUIPMENT COMPANY OF DELAWARE, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 18468.

United States Court of Appeals
Eighth Circuit.
March 10, 1967.

Guy A. Magruder, Jr., of Terrell, Van Osdol & Magruder, Kansas City, Mo., for petitioners Richard R. Riss, Sr., and Transport Manufacturing & Equipment Co. of Delaware.

Lawrence B. Silver, Atty., Tax Div., Dept. of Justice, Washington, D. C., for Commissioner of Internal Revenue; Mitchell Rogovin, Asst. Atty. Gen., and Lee A. Jackson and Harry Baum, Attys., Tax Div., Dept. of Justice, Washington, D. C., on the brief.

Before VAN OOSTERHOUT, GIBSON and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Transport Manufacturing & Equipment Company (T. M. & E.), taxpayer, has filed timely petition for review of the decision of the Tax Court entered March 8, 1966, based upon opinion of the Tax Court, unofficially reported at 23 CCH TCM 1113, upon two issues alleged to have been erroneously decided by the Tax Court, to wit:

1. Disallowance as a business expense of any part of attorneys' fees and other costs of quo warranto proceedings in Missouri instituted against T. M. & E. and Riss & Company.

II. Disallowance of any loss on 1956 equipment sales to Riss & Company.

Many issues not here involved were presented and decided by the Tax Court. The factual background is fully set out in the Tax Court's opinion and to a lesser extent in our opinion in Commissioner of Internal Revenue v. Riss, 8 Cir., 374 F.2d 161, which involves tax liability of Richard R. Riss, Sr., covered in the same Tax Court opinion now before us. Upon the first issue above stated, the parties have entered into a stipulation concluding:

"[I]t is hereby stipulated and agreed by and between the parties hereto, through their respective counsel, that, subject to the approval of the Court, their agreement with respect to this issue be accepted and given effect to by this Court in its decision in this case and that, in accordance with such agreement, the Court in and by its decision in this case allow to the petitioner a deduction for such claimed legal expenditures in the amount of $2,313.52— which amount reflects an equal division between the petitioner and Riss & Company of the total legal expenditures in question, and which amount represents a sum equal to $^{50}\!/_{85}$ths of the $3,932.99 deduction heretofore claimed by the petitioner with respect to said legal expenditures."

We approve such stipulation. The Tax Court decided this case prior to the decision in Commissioner of Internal Revenue v. Tellier, 383 U.S. 687, 86 S.Ct. 1118, 16 L.Ed.2d 185. It seems clear that under *Tellier* the quo warranto fees and expenses are deductible business expenses.

T. M. & E. paid 85% of the quo warranto expenses and Riss & Company paid the remaining 15%. We likewise approve of the equal division of such expenses between the taxpayer and Riss & Company. Accordingly, pursuant to the stipulation, the decision of the Tax Court on the quo warranto expense issue is reversed and T. M. & E. is allowed a business deduction arising in connection with such proceeding in the amount of $2313.52 for the year 1956.[1]

---

1. Taxpayer in 1956 paid $4250, being 85% of a cost deposit required in the quo warranto proceeding. No deduction was allowed on this deposit on the ground that liability thereon remained contingent until the Supreme Court of Missouri in 1960 determined the case adversely to the taxpayer.

The second issue is thus stated by the taxpayer:

"The Tax Court clearly erred in failing to decide the question of whether or not petitioner was entitled to deduct losses on its 1956 equipment sales to Riss & Company, such losses resulting solely from the depreciation adjustments determined by the Tax Court;

"Or, alternatively, the Tax Court clearly erred in deciding that petitioner was not entitled to deduct the aforesaid losses."

Taxpayer on March 12, 1952, purchased 150 Fruehauf trailers at $2280 each, or a total of $342,000. Such trailers were leased to Riss & Company. In 1956, T. M. & E. sold such trailers to Riss & Company for $34,500. The trailers at that time were fully depreciated on taxpayer's books. Taxpayer reported a long term gain of $34,500. Several other items not here particularly material were also sold bringing the sale price and reported profit up to $38,-594.38.

The items on the 1956 deficiency tax notice served on the taxpayer, here material, are:

Adjustments to Income—1956. (b) Depreciation deduction decreased $659,676.32.

Nontaxable Income and Additional Deductions: (h) Long-term capital gain decreased $37,594.09.

In explanation of item (b), the deficiency notice states that the addition is arrived at by a redetermination of useful life and salvage value of depreciable property. The depreciation adjustments made included adjustments on the 150 trailers involved in the sale above referred to. The explanation of item (h) is:

"On your return you reported net long-term capital gain reduced by any net short-term capital loss in the amount of $38,594.38. It has been determined that you had net long-term capital gain from the sale of assets in the amount of $1,000.29. Therefore the difference in the amount of $37,-594.09 is eliminated from your income."

The adjustment in depreciation made by the Commissioner and as approved by the Tax Court on the 150 trailers raised taxpayer's basis upon said trailers from zero to $177,198.75. When the $34,500 sale price is deducted from such basis, a loss of $142,698.75 results instead of the $34,500 profit reported.

There is nothing in the deficiency notice which specifically states that any loss brought about on the trailer transaction by the adjustment of depreciation would not be allowable because the sale was made to Riss & Company, a closely related company. In a revenue agent's report, dated July 3, 1958, a footnote appears stating, "Gain or loss not recognized—transaction between related companies—sale made to Riss & Company." Such report was not made a part of the deficiency notice by reference or otherwise. The revenue agent's testimony is that a copy of such report was furnished taxpayer but the agent was unable to state whether it was mailed before or after the deficiency notice.

██ If the Commissioner proposed to refuse to recognize the gain or loss created by a change in basis flowing from the depreciation adjustments he made, we believe that he should have plainly so stated in the deficiency notice or by appropriate pleadings in the Tax Court. This he did not do.

Taxpayer in his petition for review asserted error in the proposed depreciation adjustments. The depreciation adjustments were one of the principal issues contested in this litigation. Taxpayer in paragraph 4(h) of his petition for review asserted:

"The petitioner reported as a net long-term capital gain the sum of $38,-594.38 of which respondent has determined only the sum of $1,000.29 is taxable. The capital gain reported by the petitioner was correct inasmuch as it resulted from a bona fide sale in an arm's length transaction."

Such pleading to us indicates that the taxpayer was insisting that his book basis was correct and that the sale was arrived at at arm's length and was a bona fide transaction.

The Commissioner in his answer admitted the first sentence of the pleading just quoted and denied the second. Thus, the taxpayer specifically raised the issue that the sale in controversy is a recognizable bona fide sale and such allegation is denied by the Commissioner.

To add somewhat to the confusion, counsel for the Commissioner in his opening statement to the Tax Court stated, "In 1956 petitioner reported a gain of approximately $39,000 from the sale of capital assets. This gain has been recomputed by respondent by making certain adjustments to depreciation. By making other adjustments petitioner sustained a net loss." Nothing was said about disallowing any loss caused by the depreciation adjustments.

While the Tax Court made detailed findings upon many issues, it made no finding and entered into no discussion with respect to the bona fide nature of the sale here under consideration. The Tax Court upheld the Commissioner's depreciation adjustments with respect to the trailers here involved. Such adjustments had the effect of increasing taxpayer's basis on the trailers sold from the zero figure which had resulted in the $34,500 gain to $177,198.75 and a resulting book loss of $142,698.75. If the sale is in fact a bona fide recognizable sale, fairness would require that the same adjustment made to depreciation be made to basis.

When the Rule 50 computation was reached in the Tax Court and the parties were unable to agree on the treatment of the item here in controversy, taxpayer filed a motion and amended motion for reconsideration and clarification or alternately, for a rehearing upon this issue urging that all capital gains and losses between taxpayer and Riss & Company arising from the depreciation adjustments are entitled to recognition as resulting from arm's length transactions.

Such motion was denied, the Tax Court assigning no basis or reason for such denial.

We believe that the record here fairly shows that the taxpayer has consistently urged and has at no time abandoned the issue here under discussion.

■ The Commissioner here urges the well-established rule that the burden is upon the taxpayer to overcome the presumption of correctness of the Commissioner's determination and that the taxpayer has offered no evidence to support the legitimacy of the sale. We find nothing in the Tax Court's opinion to indicate that the issue was decided upon such basis. If in fact there is no evidentiary basis for the support of the sale as bona fide, no purpose would be served in sending this issue back to the Tax Court for fact finding and determination. However, such is not the situation here. There is in our opinion sufficient evidence before the Tax Court to permit a finding upon the issue of the bona fide nature of the transaction. The issue in this case, involving by far the largest amount of money, related to the issue of whether Riss & Company because of its close relationship to taxpayer could deduct as a business expense rent paid by it to T. M. & E., including rent on the trailers here involved. This issue was thoroughly considered and resolved in favor of the taxpayer upon the basis that the two corporations served legitimate business functions and were not organized or operated for tax evasion purposes, and upon the further finding that the rental arrangements, subject to certain adjustments made, were reasonable.

A 1951 sale of 157 vehicles from taxpayer to Riss was recognized. It is true that in that instance the sale price was stipulated. Additionally, the evidence discloses some substantial difference in ownership of the two corporations.

In the present case, there is no specific evidence as to the precise value of the trailers at the time of the sale. There is, however, substantial evidence introduced in connection with the depreciation issue with respect to the nature of

the equipment, its cost, age and salvage value which could have a reasonable bearing on the fair value of the trailers at the time of sale. There is also evidence that depreciation was an important factor in determining rentals and of some practice of disposing of the older vehicles after the cost thereof had been recovered.

■ The Tax Court is required to resolve all material issues properly raised before it and to make appropriate fact findings upon such issues. This it has failed to do on the issue now under consideration.

Title 26 U.S.C.A. § 7482(c) (1) provides that this court upon review "shall have power to affirm or, if the decision of the Tax Court is not in accordance with law, to modify or to reverse the decision of the Tax Court, with or without remanding the case for a rehearing, as justice may require."

■ Where the Tax Court has failed to make adequate fact findings, the appropriate remedy is to remand to the Tax Court for such findings. Lauinger v. Commissioner of Internal Revenue, 2 Cir., 281 F.2d 419, 424; Haas v. Commissioner of Internal Revenue, 2 Cir., 248 F.2d 487, 489-90; Polizzi v. Commissioner of Internal Revenue, 6 Cir., 247 F.2d 875, 878. See Hormel v. Helvering, 312 U.S. 552, 560, 61 S.Ct. 719, 85 L.Ed. 1037; Mertens Law of Federal Income Taxation § 51.27.

■ We recognize that the Tax Court is the proper court to make the pertinent fact finding. We express no view here on how the fact issue should be determined.

In our view, the pleadings could be improved to more sharply raise the issue here under consideration. Leave to amend to clarify the issue should be granted to either party. We also believe that justice requires under the peculiar circumstances of this case that either party upon remand should be permitted to offer additional evidence upon the issue here under consideration.

The decision of the Tax Court on the quo warranto expense issue is reversed and the taxpayer is allowed a business deduction of $2313.52 for quo warranto expenditures paid in 1956.

Upon the second issue, the decision of the Tax Court is reversed and this case is remanded to the Tax Court for fact findings and further proceedings not inconsistent with the views herein expressed.