Dolores J. RUSSELL, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 77–1136.

United States Court of Appeals, Ninth Circuit.

March 9, 1979.

Ferris F. Boothe (argued), of Black, Kendall, Tremaine, Boothe & Higgins, Portland, Or., for plaintiff-appellee.

Leonard Henzke, Atty. (argued), of Dept. of Justice, Washington, D. C., for defendant-appellant.

Before DUNIWAY and CHOY, Circuit Judges, and GRANT,* District Judge.

DUNIWAY, Circuit Judge:

This appeal presents a question as to the jurisdiction of the District Court over an action for a refund of income tax when the Commissioner of Internal Revenue, after the taxpayer filed her claim for refund, and after she filed her action for refund in the District Court, asserted a deficiency and the taxpayer then petitioned the Tax Court for a redetermination. The District Court held that it retained jurisdiction over the taxpayer's claim for refund, and gave judg-ment for the taxpayer. The government appeals. We reverse.

### I. The Facts.

The facts make interesting reading. The taxpayer (plaintiff-appellee), a former beauty contest winner, had been the recipient of gifts valued in excess of one million dollars which had been bestowed on her by Harold Kuhns, the founder and board chairman of Xerox Corporation. While accepting his favors, taxpayer became romantically involved with Allie Ianniello, reputed to be a member of the New York Cosa Nostra. Allie, upon discovering the wealth of the taxpayer, and with the help of his brother and their attorney, proceeded to swindle the taxpayer out of her money through investment ventures in "businesses" owned and operated by the Ianniellos. These investment ventures occurred in the 1965 tax year.

The taxpayer's involvement with Allie Ianniello became more coercive than romantic and, fearing for her life, the taxpayer left the state of New York. Thereafter, with the help of an attorney, she attempted to recoup her losses. Recovery efforts resulted in minimum returns at best. By 1969, four years after these 1965 investments, the taxpayer, failing to recoup the major part of her investments, located another attorney who threatened the Ianniellos with legal action unless the sum of the investments were repaid to the taxpayer.

In that same year, 1969, the taxpayer filed a claim for refund of income taxes for the year 1965. The basis for the claim was that in 1965 she had suffered a theft loss within the meaning of 26 U.S.C. § 165(e). On February 1, 1973, she filed this action for a refund of approximately $65,000 alleged to have been overpaid by reason of the theft loss. On April 10, 1973, the Commissioner issued a statutory notice of deficiency for 1965, in the net amount of approximately $50,000. The taxpayer timely

* The Honorable Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

petitioned the Tax Court for a redetermination of the deficiency and, pending the Tax Court's redetermination, the District Court dismissed the taxpayer's suit for a refund.

The Tax Court held that the government was precluded by the statute of limitations from asserting a deficiency against the taxpayer and held that there was no deficiency. The taxpayer did not assert her claim of a 1965 theft loss before the Tax Court. She asked that court not to decide it. The Commissioner asked the Tax Court to decide the question, pointing out that the Tax Court did have jurisdiction to do so. The Tax Court's decision does not mention the question.

After the judgment of the Tax Court, the District Court reinstated the taxpayer's refund suit, holding that the Tax Court had acquired jurisdiction only to the extent of dismissing the government's deficiency claim on the basis of the bar of the statute of limitations and that, therefore, the District Court was not ousted of jurisdiction over the remaining issues. The District Court denied the government's motion to dismiss in which it was argued that under 26 U.S.C. § 7422(e), once the taxpayer had petitioned the Tax Court for redetermination of deficiency, the Tax Court also assumed complete jurisdiction over the taxpayer's tax liability for the year 1965. In addition to supporting the District Court's decision on jurisdiction, taxpayer argues, *inter alia,* that the government should be estopped to deny what it had alleged in its case against the Ianniellos.

The District Court held that the taxes paid for 1965 were recoverable by taxpayer as a theft loss deduction for that year pursuant to 16 U.S.C. § 165(e).

II. *The Jurisdiction of the District Court.*

■ The District Court did not have jurisdiction. Under 26 U.S.C. § 7422(e), the District Court lost jurisdiction when the taxpayer filed her petition with the Tax Court to redetermine the deficiency in her income tax for the year 1965 asserted by the Commissioner in his notice of deficiency. That is what § 7422(e) requires. Section 7422(e) says that in such a case, "the district court . . . shall lose jurisdiction of the taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of [the] taxpayer's suit for refund."

The key principle is stated by the Court in *Flora v. United States,* 1957, 362 U.S. 145, 166, 80 S.Ct. 630, 641, 4 L.Ed.2d 623.

> Section 7422(e) of the 1954 Internal Revenue Code makes it apparent that Congress has assumed these problems [of dual jurisdiction] are nonexistent except in the rare case where the taxpayer brings suit in a District Court and the Commissioner then notifies him of an additional deficiency. Under § 7422(e) such a claimant is given the option of pursuing his suit in the District Court or in the Tax Court, *but he cannot litigate in both.* (Emphasis the Court's.)

The taxpayer exercised her option by pursuing her suit in the Tax Court.

■ The Tax Court acquired jurisdiction to decide, not only whether the Commissioner's assertion of a deficiency was correct, but also whether Russell's claim that she had overpaid was correct. This is what 26 U.S.C. § 6512(b) expressly provides:

> "Overpayment determined by the Tax Court.—(1) Jurisdiction to determine.—If the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, . . . in respect of which the Secretary . . . determined the deficiency . . . the Tax Court shall have jurisdiction to determine the amount of such overpayment . . ."

We cannot imagine clearer language.

In such a case, the Tax Court's decision is *res judicata* as to the year in question. *Commissioner of Internal Revenue v. Sunnen,* 1948, 333 U.S. 591, 597–98, 68 S.Ct. 715, 719, 92 L.Ed. 898:

> It is first necessary to understand something of the recognized meaning and scope of *res judicata,* a doctrine judicial in origin. The general rule of *res judicata* applies to repetitious suits involving

the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

\*  \*  \*  \*  \*  \*

Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year.

There can be no question that when the taxpayer petitioned the Tax Court to redetermine the asserted deficiency, the Tax Court acquired jurisdiction to decide the entire gamut of possible issues that controlled the determination of the amount of tax liability for the year in question. A party cannot, in such a case, by failing to raise an issue, or by asking the court not to consider it, escape the *res judicata* effect of the decision. This is hornbook law.

### III.  *Equitable Issues.*

We have held that there is an exception to the foregoing well established rule, as applied to the Tax Court, because the Tax Court has no equity jurisdiction. *Morse v. United States,* 9 Cir., 1974, 494 F.2d 876. *See also, Feistman v. C.I.R.,* 9 Cir., 1978, 587 F.2d 941.

The taxpayer argues, without much conviction, that she should be able to assert her claim in the District Court because she was forced into the Tax Court by reason of her inability to pay the asserted deficiency. This claim was answered by the Court in *Flora, supra,* 362 U.S. at 175, 80 S.Ct. at 646:

A word should also be said about the argument that requiring taxpayers to pay the full assessments before bringing suits will subject some of them to great hardship. This contention seems to ignore entirely the right of the taxpayer to appeal the deficiency to the Tax Court without paying a cent.

The taxpayer's other contention is equally without merit. When she cooperated with the government, it was in her interest to do so. She makes no claim that any government official told her that her cooperation would gain any tax benefits for her. The most that she claims is that the government has taken the position, in relation to the Ianniellos' tax liability, that they swindled her out of her money in 1965. The government does not dispute this. Its position, as to the taxpayer, is that she did not determine that she could not get her money back until later years. Indeed she did get some of it back after 1965. The government's theory is that, as to her, the theft loss deduction is to be made, not when the Ianniellos got the money, but when it became apparent that she could not get it back—that this is when the "loss" to which the law refers was ascertained. This is not, as taxpayer argues, in conflict with the government's position vis a vis the Ianniellos. It may or not be good law, but it is not the kind of behavior by the government that appeared in the cases on which Russell relies. *See Schuster v. C.I.R.,* 9 Cir., 1962, 312 F.2d 311; *Sun Il Yoo v. I. & N.S.,* 9 Cir., 1976, 534 F.2d 1325.

We conclude that the District Court lost jurisdiction when the taxpayer filed her petition with the Tax Court, and did not get it back when the Tax Court decided her case.

Reversed, with directions to vacate the judgment and dismiss the action.

GRANT, District Judge, concurring:

In concurring with the majority opinion, I wish, however, to comment on three areas: (1) the legislative history of 26 U.S.C. § 7422(e); (2) a potentially misleading case, and (3) 26 U.S.C. § 7459(b).

I—Both the Senate and House Reports[1] on Section 7422(e) evidence two policies: (1) to give jurisdiction over the cause of action to only one court, and thereby prevent relitigation of identical issues, and (2) to give the taxpayer the choice of which court shall have jurisdiction. This choice was intended to be given to the taxpayer rather than the government. *Pfeiffer Company v. United States,* 518 F.2d 124, 129 (8th Cir. 1975). In the case at bar, even if taxpayer would have paid the deficiency in order to preserve district court jurisdiction over the refund, the *Pfeiffer* case indicates that again her choice of forums to litigate the deficiency need not be recognized by the government. Under *Pfeiffer,* even if taxpayer pays the deficiency, the government "may —but seemingly is not required to—bring a counterclaim"[2] in the district court. See also *Caleshu v. United States,* 570 F.2d 711 (8th Cir. 1978). This view of the law might work to defeat the Congressional purpose of choice of forum. See Judge Heaney's concurring opinion in *Pfeiffer.*

II—To prevent a recurrence of the taxpayer's present plight (of failing to make a timely appeal of her Tax Court decision in reliance upon the mistaken assumption that the district court had continuing jurisdiction), I would stress that, as the law stands now, all issues that can be raised before the Tax Court must be raised, and that once the

Tax Court decision is final, there is no further recourse to a district court regarding non-equitable issues. Plaintiff has cited the case of *Falese v. United States,* 26 A.F.T. R.2d 70–5940 (N.D.Ill.1970), for the proposition that the issues comprising the subject matter of a refund suit are divisible and that when one issue is presented to the Tax Court, that fact does not mean that all other issues from that year must necessarily follow the first issue into the Tax Court's jurisdiction. I would warn that such has proved to be a losing proposition.

III—Finally, plaintiff's protest over the application of Section 7422(e)'s ban on continuing district court jurisdiction can be appreciated here because of the fact that the Tax Court apparently did not ·consider anything beyond the threshold barrier of the statute of limitations. The pleadings before the Tax Court show that what actually happened was that the taxpayer requested that the government's claim of deficiency be dismissed with prejudice because of the statute of limitations, and that the taxpayer's refund claim be dismissed without prejudice so that the pending district court refund suit could proceed. The government opposed both motions for dismissal and reminded the Tax Court that it had jurisdiction to determine an overpayment and that the government was ready to proceed to trial on that issue. The Tax Court, however, thereupon rendered the following decision:

## DECISION

At the hearing in this case held at Portland, Oregon, on May 9, 1974, the parties admitted that the statutory notice was not mailed to the petitioner within

---

1. Both the House and Senate Reports read in part:

   . . . The result under subsection (e) is to give jurisdiction over the cause of action to only 1 court (2 courts may acquire jurisdiction under existing law), and to give the taxpayer the choice of which court shall have jurisdiction. The taxpayer, by filing a petition in the Tax Court, would cause that court to have sole jurisdiction, or, *by failing to file a petition in the Tax Court, would cause the*

   *district court or the Court of Claims to have sole jurisdiction* . . . (Emphasis supplied.)
   H.Rep.No.1337, 83d Cong., 2d Sess., p. ¹09 (3 U.S.Code Cong. & Admin.News, pp. 4017, 4136 (1954)); S.Rep.No.1622, 83d Cong. 2d Sess., pp. 149, 610–611 (3 U.S.Code Cong. & Admin. News, pp. 4621, 4782–4783, 5261 (1954)).

2. *Pfeiffer* at p. 128 quoting *Flora v. U. S.,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

the time prescribed by law. Petitioner has pleaded the statute of limitations. Accordingly, it is hereby

DECIDED: That there is no deficiency in income tax or additions to tax under section 6651 of the Internal Revenue Code due from the petitioner for the taxable year ended December 31, 1965.

(signed) William H. Quealy

Judge

This all too brief entry by the Tax Court resolved the deficiency issue on the threshold barrier of the statute of limitations, but did not address the overpayment issue. Therefore, it is not clear whether the merits of either issue were ever litigated before the Tax Court. Apparently they were not.

Section 7459(b) of 26 U.S.C. prescribes the duty of a Tax Court in rendering a decision:

(b) Inclusion of findings of fact or opinions in report.—It shall be the duty of the Tax Court and of each division to include in its report upon any proceeding its findings of fact or opinion or memorandum opinion. The Tax Court shall report in writing all its findings of fact, opinions, and memorandum opinions.

Section 7459(b) appears to impose an affirmative duty on the Tax Court to put in writing all of its findings of fact and opinions. Furthermore, courts have held that the Tax Court is required to resolve all material issues properly raised before it and to make appropriate fact-findings upon such issues. *Transport Manufacturing & Equipment Co. of Del. v. C.I.R.,* 374 F.2d 173 (8th Cir. 1967). Because of this duty to make written findings, an inference can be made that because the Tax Court's decision included no findings of fact regarding overpayment or theft deductions, the Tax Court did not consider that those issues were properly before it. If this is what actually occurred, then it would suggest that the Tax Court erred. When the petition for redetermination of deficiency was filed with the Tax Court, both the issue of deficiency, as well as any overpayment issue, were properly before the Tax Court and,

regardless of the pending refund action, the Tax Court should have made findings regarding the computations basic to determinations of those issues. Unfortunately for plaintiff, however, the case at bar is an appeal from the judgment of the District Court for the District of Oregon, not an appeal from the 1974 decision of the Tax Court.