Taxes; Court of Claims jurisdiction; prior claim in Tax Court; dismissal of Tax Court action because of limitations barring deficiency assessment — On December 21, 1979 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith, Judges.
This income tax refund suit is before the court on the government’s motion to dismiss the petition on the ground that this court lost jurisdiction of the case because of the plaintiffs’ filing in the Tax Court of a suit covering the same year.
The plaintiffs filed suit in this court in February 1977, seeking a refund of an alleged overpayment of federal income taxes of $4,779 for 1972. In June 1977, the Commissioner of Internal Revenue mailed to the plaintiffs a statutory notice of deficiency of $3,502 for the same year. In September 1977, the plaintiffs filed in the United States *535 Tax Court a petition seeking a determination that there was no deficiency for 1972 and a refund of $4,779. Plaintiffs there contended that the Commissioner’s notice of deficiency had not been timely issued. The relief they sought in an amended petition in the Tax Court was that "this case be dismissed for lack of jurisdiction [on the theory that the Tax Court had no jurisdiction if the Commissioner’s notice of deficiency was untimely], and in the alternative, to grant the refund requested in the Tax Court Petition.”
The Tax Court held that the statute of limitations barred the Commissioner’s issuance of a notice of deficiency in 1977, and stated that "[a]n appropriate order and decision for the petitioners will be entered.” Peters v. Commissioner, T.C.M. (P-H) ¶ 78,219 (1978). The Tax Court did not discuss plaintiffs’ claim for a refund. The order of the Tax Court denied "the petitioners’ motion to dismiss for lack of jurisdiction,” and granted "petitioners’ motion for partial summary judgment,” and "ORDERED and DECIDED: That there is no deficiency in income tax due from the petitioners for the taxable year 1972.”
Section 7422(e) of the Internal Revenue Code of 1954 provides that if, after a taxpayer has filed a tax refund suit in this court or in a district court, the Commissioner issues a notice of deficiency "in respect of the tax which is the subject matter of taxpayer’s suit” and the taxpayer files in the Tax Court a timely petition for redetermination of the deficiency, this court or the district court "shall lose jurisdiction of taxpayer’s suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer’s suit for refund.” Section 6512(b)(1) provides that if the Tax Court "finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year,. . . the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall ... be credited or refunded to the taxpayer.”
The subject matter of the plaintiffs’ petition in this court and in the Tax Court were the same: the amount of plaintiffs’ tax liability for 1972. Cf. Commissioner v. Sunnen, 333 U.S. 591, 598 (1948). Under section 6512(b)(1), the filing of plaintiffs’ suit in the Tax Court gave that court jurisdiction to determine not only whether there was a *536 deficiency in the tax plaintiffs had paid (as the Commissioner asserted), but also to determine whether the taxpayers had made any overpayment and, if they had, the amount of refund to which they were entitled. "[T]he Tax Court’s jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year.” Erickson v. United States, 159 Ct. Cl. 202, 216, 309 F.2d 760, 767 (1962). Since by the Tax Court filing the Tax Court "acquired” jurisdiction over the plaintiffs’ claim for refund that they previously had asserted in this court, that filing ousted this court of jurisdiction over that suit. Section 7422(e).
Plaintiffs attempt to avoid this result by arguing that the decision of the Tax Court that the statute of limitations barred the Commissioner’s deficiency assessment meant that that court had no jurisdiction to entertain their suit, and that since that court lacked jurisdiction the filing of their suit there did not oust this court of jurisdiction over the refund suit. But "it is not the existence of a deficiency but the Commissioner’s determination of a deficiency that provides a predicate for Tax Court jurisdiction.” Hannan v. Commissioner, 52 T.C. 787, 791 (1969). Consequently, "an issue based on the statute of limitations is a defense in bar and not a plea to the jurisdiction of this Court.” Badger Materials, Inc. v. Commissioner, 40 T.C. 1061, 1063 (1963). The Code itself provides that a decision by the Tax Court that a deficiency assessment is barred by the statute of limitations is not jurisdictional. Instead, such a decision "shall be considered as its decision that there is no deficiency in respect of such tax.” Section 7459(e). Thus, the Tax Court order in this case appropriately denied the plaintiffs’ motion to dismiss for lack of jurisdiction.
Russell v. United States, 592 F. 2d 1069 (9th Cir. 1979), closely resembles the present case. There the taxpayer filed a refund suit in the district court and, following receipt of a deficiency notice, a petition in the Tax Court. There, as here, the Tax Court held that the statute of limitations barred the deficiency, but did not decide the merits of the taxpayer’s refund claim. After the Tax Court entered its judgment, the district court reinstated the taxpayer’s refund suit on the theory that the Tax Court had acquired jurisdiction only to the extent of dismissing the deficiency claim as untimely.
*537 The Ninth Circuit reversed, holding that the district court did not have jurisdiction to determine the refund claim. The court of appeals held that under section 7422(e), "the District Court lost jurisdiction when the taxpayer filed her petition with the Tax Court to redetermine the deficiency in her income tax for the year 1965 asserted by the Commissioner in his notice of deficiency.” Id. at 1071. It pointed out that, under section 6512(b), by the filing of the suit "[t]he Tax Court acquired jurisdiction to decide, not only whether the Commissioner’s assertion of a deficiency was correct, but also whether Russell’s claim that she had overpaid was correct.” Id. at 1071. It stated:
There can be no question that when the taxpayer petitioned the Tax Court to redetermine the asserted deficiency, the Tax Court acquired jurisdiction to decide the entire gamut of possible issues that controlled the determination of the amount of tax liability for the year in question. A party cannot, in such a case, by failing to raise an issue, or by asking the court not to consider it, escape the res judicata effect of the decision. This is hornbook law.
Id. at 1072.
We agree with the Russell decision and follow it.
Alternatively, petitioners urge that instead of dismissing the suit we should stay it pending further proceedings in the Tax Court. Since we have concluded that we have no jurisdiction to entertain the suit, however, it follows that we cannot stay it.
Accordingly, on the basis of the briefs but without oral argument, the plaintiffs’ motion to stay proceedings is denied, the defendant’s motion to dismiss the petition is granted, and the petition is dismissed.