LYNN S. CORNICK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cornick v. Commissioner
Docket No. 17425-82.
United States Tax Court
T.C. Memo 1985-513; 1985 Tax Ct. Memo LEXIS 114; 50 T.C.M. (CCH) 1217; T.C.M. (RIA) 85513; September 30, 1985. *114 In his pleadings, P alleged that refund checks issued by R and due to P were misappropriated by P's attorney. R's deficiency computation takes into account the refunds issued to P. P argues that the deficiency should be reduced to the extent that refund checks were issued to him but never received by him. R filed a motion for partial summary judgment on the premise that the Court does not have jurisdiction to consider the question of whether the amount of the deficiency should reflect refunds issued by R and not received by P. Held, it is within the Court's jurisdiction to consider the question of whether P should be credited with refunds issued by R in determination of a deficiency or overpayment. Accordingly, R's Motion for Partial Summary Judgment is denied. John Harrison Wegge, for the petitioner. Darren M. Larson, for the respondent. PANUTHOS
OPINION PANUTHOS, Special Trial Judge[1]: This case is before the Court on respondent's Motion for Partial Summary Judgment filed pursuant to Rule 121. [2] By his motion [3] *116 , respondent seeks a determination that this Court does not have jurisdiction to consider petitioner's contention that the deficiency determined against him should be *115 credited to the extent of refund checks issued by respondent but not received by petitioner. For each of the years at issue petitioner claims that any refund check issued to him was cashed over his forged endorsement by his former attorney, Charles Berg. Respondent issued a statutory notice of deficiency on April 12, 1982. The notice determined deficiencies and addition to tax against petitioner as follows: Addition to Tax
Year
Deficiency
Sec.6651(a)
1976
$2,572.00
0
1977
$1,549.00
0
1978
$2,098.00
$130.80
1979
$2,778.00
0
1980
$2,561.00
0 In his notice of deficiency respondent determined that petitioner was not entitled to claimed investment credits and losses generated by a limited partnership known as Mainstreet Productions. The limited partnership was created to acquire and distribute master recordings. Petitioner became a limited partner in Mainstreet Productions on the advice of his attorney, Charles Berg. Petitioner's 1978, 1979, and 1980 Federal income tax returns were prepared by Berg, or persons connected with his office. The address on the forms 1040 for 1978 and 1979, as well as the address on the Application for Tenative Refund (Form 1045), is attorney Charles Berg's address. The Application for Tenative Refund sought to carry-back unused investment credits from the year 1979 to the years 1976, 1977 and 1978. The 1979 and 1980 Federal income tax returns claimed losses from Mainstreet Productions. Thus, petitioner claimed overpayments for which respondent issued refund checks. Petitioner never received some of all of the refund checks which he expected as a result of his participation in the limited partnership. Petitioner claims that Berg fraudulently endorsed and *117 negotiated the refund checks and misappropriated the proceeds of the checks. Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there is no genuine issue of material fact. Rule 121(b) provides that "a decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The Rule further provides that "partial summary adjudication may be made which does not dispose of all issues in the case." Elkins v. Commissioner,81 T.C. 669, 674 (1983). The burden of proving that there is no genuine issue of material fact is on the moving party. Take v. Commissioner,82 T.C. 630, 633 (1984); Graf v. Commissioner,80 T.C. 944, 946 (1983); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). Therefore, respondent must prove that the Tax Court lacks jurisdiction to consider the question of petitioner's missing refund checks. In addition, we must view the factual materials and inferences drawn therefrom in the light most favorable to the *118 party opposing the motion. Estate of Gardner v. Commissioner,82 T.C. 989, 990 (1984); Elkins v. Commissioner,supra;Jacklin v. Commissioner,79 T.C. 340, 344 (1982). As a result, the facts set forth herein are taken from petitioner's pleadings, both admitted and denied, and the attorney's affidavit in opposition to respondent's motion. The facts are viewed in the terms most favorable to petitioner. Estate of Gardner v. Commissioner,supra.
It is well settled that the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Section 7442; [4]Commissioner v. Gooch Milling & Elevator Co.,320 U.S. 418 (1943); Kluger v. Commissioner,83 T.C. 309, 314 (1984); Medeiros v. Commissioner,77 T.C. 1255, 1259 (1981). It is equally true that, generally, once a petitioner invokes the jurisdiction of the Court, jurisdiction lies with the Court and remains unimpaired until the Court has decided the controversy. Dorl v. Commissioner,57 T.C. 720, 722 (1972), affd. 507 F.2d 406 (2d Cir. 1974). [5]
*119 The question of the Court's jurisdiction is fundamental and must be addressed when raised by a party or on the Court's own motion. See Estate of Young v. Commissioner,81 T.C. 879, 880-881 (1983); Midland Mortgage Co. v. Commissioner,73 T.C. 902, 905 (1980); Intervest Enterprises, Inc. v. Commissioner,59 T.C. 91, 94 (1972); Goldstein v. Commissioner,22 T.C. 1233, 1236 (1954). [6] If we find that we do not properly have jurisdiction to consider an issue, then despite a party's choice of the Tax Court as a forum to settle the dispute, we may not decide the issue. Wheeler's Peachtree Pharmacy, Inc. v. Commissioner,35 T.C. 177, 179 (1960); Shelton v. Commissioner,63 T.C. 193 (1974); Herbert Brush Manufacturing Co. v. Commissioner,22 B.T.A. 646, 647 (1931). In general, Tax Court jurisdiction exists only if a valid statutory notice of deficiency has been issued by the Commissioner and a timely petition has been filed therefrom. Sections 6212 and 6213; Rules 13 and 20; Midland Mortage Co. v. Commissioner,supra at 907. [7] It is not the actual existence of a deficiency on which the Court's jurisdiction is based, rather it is the Commissioner's *120 determination of a deficiency which provides the basis for our jurisdiction. Hannan v. Commissioner,52 T.C. 787, 791 (1969); Intervest Enterprises, Inc. v. Commissioner,supra at 95. A deficiency is generally defined as an amount by which the income, gift, or estate tax due under the law exceeds the amount of such tax shown on the return. Section 6211; [8] *121 Bregin v. Commissioner,74 T.C. 1097, 1102 (1980). A deficiency is neither a theory nor an intangible concept. Veeder v. Commissioner,36 F.2d 342, 343 (7th Cir. 1929). [9] An instance in which the issuance of a statutory notice of deficiency does not confer jurisdiction on the Court occurs when a notice of deficiency is erroneously issued after payment of the tax. Bendheim v. Commissioner,214 F.2d 26, 28 (2d Cir. 1954); Anderson v. Commissioner,11 T.C. 841, 843 (1948). [10]
We have jurisdiction to decide not only whether the Commissioner's determination of a deficiency was correct, but also whether a taxpayer's claim that he has overpaid is correct. Russell v. United States,592 F.2d 1069, 1071 (9th Cir. 1979); Estate of Parshelsky v. Commissioner,303 F.2d 14, 22 (2d Cir. 1962). Section 6512(b)(1) gives the Court jurisdiction to determine an overpayment.[11] Respondent argues that because Congress has developed a separate statutory scheme for recovery of stolen or forged refund checks, the Court cannot consider petitioner's claim of overpayment, even though excess withholding credits are included in the definition of an overpayment [12] and even though the *122 Court has jurisdiction to determine an overpayment. We do not agree that our jurisdiction is barred by this separate statutory scheme. In determining the amount of an overpayment for the year in which the Commissioner has determined a deficiency, we may take into account payments made by a taxpayer through withholding or by payment of estimated income tax. If these payments exceed the income tax liability for the year in controversy, *123 then an overpayment exists. Keefe v. Commissioner,15 T.C. 947, 955-956 (1950). In fact we recently held that our jurisdiction to determine an overpayment includes the power to consider interest as part of an overpayment. Estate of Baumgardner v. Commissioner, 85 T.C.     (filed September 11, 1985). We have previously faced a problem similar to the one presented in the instant case. See Bolnick v. Commissioner,44 T.C. 245 (1965). In Bolnick, we held that we would consider the amount claimed by taxpayers on their return as an overpayment, despite the fact that respondent's records indicated a refund check had been issued. In that case, taxpayers maintained that they never received a refund of $778.90 for the taxable year for which respondent had determined a deficiency. We received evidence on the issue and ultimately concluded that there was an overpayment. For our purposes, the important fact is not that the Court decided that taxpayers had made an overpayment; instead, what is significant is the fact that the Court considered taxpayers' claim. [13] In reaching this conclusion we stated that: Our jurisdiction is precisely circumscribed by statute and we can only determine the amount *124 of a deficiency or of an overpayment in income tax--or of both--for the taxable year for which respondent has determined a deficiency. Sec. 6512(b), I.R.C. 1954. But in determining the amount of an overpayment, albeit for the same year for which we may determine a deficiency, we are to take into account payments made by the taxpayer by withholding and by payments on declaration of estimated tax, and if the total of such payments exceeds income tax liability for the year in controversy, we are to determine an overpayment. Ernest J. Keefe,15 T.C. 947 (1950). [Bolnick v. Commissioner,supra at 258.] [14] *125 We do have jurisdiction to determine whether or not petitioner received his refund checks, and if not, whether the amount due him in refunds constitutes an overpayment or reduces the deficiency. Since the function of this Court is to adjudicate deficiency disputes, if we could not consider the issue of petitioner's non-receipt of his refunds, then we would be without an essential power to fulfill our duties. See Stevens v. Commissioner,709 F.2d 12 (5th Cir. 1983). When a notice of deficiency is mailed to a taxpayer he has two options, one is to petition the Tax Court before payment of the tax, and the other is to pay the tax and sue for a refund in a district court or in the United States Claims Court. Section 7422(a) and (e); [15] *127 Drake v. Commissioner,554 F.2d 736, 739 (5th Cir. 1977). [16] Once a taxpayer chooses to litigate his claim in the Tax Court, we have exclusive jurisdiction over the issues involved in adjudicating the tax liability. Dorl v. Commissioner,supra at 720; section 6512(a). We acquire jurisdiction *126 when a taxpayer files with the Court and that jurisdiction extends to the entire subject matter of the correct tax for the taxable year. See Erickson v. United States,309 F.2d 760, 767, 159 Ct.Cl. 202, 216 (1962); Peters v. United States,618 F.2d 125, 222 Ct.Cl. 534 (1979); Russell v. United States,supra at 1071. A dichotomy exists between our function with respect to overpayments and respondent's responsibility to make refunds. While the Court has jurisdiction to determine an overpayment, it has no authority to order or deny a refund. U.S. ex rel Girard Trust Co. v. Helvering,301 U.S. 540, 542 (1937); Hollie v. Commissioner,73 T.C. 1198, 1204 (1980). [17] Taxpayers have access to the district courts or claims court if any refund suit were necessary. U.S. ex rel Girard Trust Co. v. Helvering,supra.
Respondent's *128 argument that petitioner cannot pursue his contention in the Tax Court because Congress has developed a scheme for recovery of stolen Treasury checks misses the point. [18] Petitioner bases his petition on his claim that no deficiency exists or that there is, perhaps, an overpayment because he has already paid taxes in the amount of the refund checks. Petitioner does not base his claim on the checks themselves. Petitioner faces two problems: (1) a determination of a deficiency in his income tax liability for certain years and (2) non-receipt of his refund checks. The Tax Court has jurisdiction *129 to determine whether or not a deficiency or an overpayment exists. Should we ultimately find that petitioner has overpaid his taxes, and respondent refuses to credit or refund petitioner's taxes, then petitioner may resort to a federal district court or the United States Claims Court for recovery. U.S. ex rel Girard Trust Co. v. Helvering,supra;Robbins Tire & Rubber Co. v. Commissioner,53 T.C. 275, 279 (1969). [19] We have no jurisdiction over a recovery, but this is not what petitioner is seeking in the Tax Court. The statutory scheme set out at 31 U.S.C. section 3343 provides only a method for recovering a lost or stolen refund check. If we limit petitioner's remedies to that plan, we would effectively be denying him his right to petition this Court for a redetermination of his income tax liability. Congress has nowhere indicated that a taxpayer must follow one path to the exclusion of the other. Petitioner can proceed in this Court while continuing to pursue his claim with the Division of Check Claims. It is true that a decision rendered by either the Court or the Division of Check Claims may have an impact on the proceedings *130 in the other forum; however, we will not and cannot relinquish jurisdiction because a recovery method exists which ought to relieve petitioner of his problem with respect to recovery of his refund checks. [20]
Judicial economy requires that all issues raised in a case be tried and settled in one proceeding; this has long been our policy. Cf. Estate of Baumgardner v. Commissioner, 85 T.C. (filed Sept. 11, 1985); Markwardt v. Commissioner,64 T.C. 989, 998 (1975) (where we denied taxpayer's request for a second trial when he attempted to raise a new issue not raised at the first trial); Robin Haft Trust v. Commissioner,62 T.C. 145, 147 (1974) (where we denied taxpayer's request for reconsideration of our opinion and to vacate our decision). When we are presented with a case over which we have jurisdiction and in which we possess the necessary and usual powers to resolve the dispute, we must consider all the issues raised by the case. See Kluger v. Commissioner,83 T.C. 309, 314 (1984). Since petitioner *131 has properly invoked the jurisdiction of this Court, if we do not consider whether or not petitioner received his refund checks, we would leave an essential issue unaddressed. The consequences of omitting consideration of this issue might well require additional hearings and evidence thus placing an undue burden on the Court as well as the parties. There are factual and legal questions which we need not decide at this time. We make no finding herein as to whether respondent properly computed the deficiency. The question of whether the deficiency should be reduced to the extent that refunds were issued by respondent and not received by petitioner will be decided on another day. Based on the foregoing, respondent's motion for partial summary judgment is denied. An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to Rule 180 et seq., Tax Court Rules of Practice and Procedure.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. Respondent selected three cases as representative of a group of over 300 cases currently pending before the Court. Counsel for petitioners in each of the three cases represent a significant number of other petitioners in the group. The issue for decision is common throughout the group. The opinions in the other two docketed cases, Naftel v. Commissioner, docket no. 28089-82 and Rosenberg v. Commissioner, docket no. 28854-82, are issued concurrently as 85 T.C.     (filed Sept. 30, 1985) and T.C. Memo. 1985-514↩, respectively.
4. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
5. See also Stafford v. Commissioner,T.C. Memo. 1983-650↩.
6. See also Engel v. Commissioner,T.C. Memo. 1958-52↩.
7. See also Stevenson v. Commissioner,T.C. Memo. 1982-16↩.
8. Sec. 6211 provides in pertinent part-- (a) In General.--For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, 44, and 45 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, 44, or 45 exceeds the excess of-- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over-- (2) the amount of rebates, as defined in subsection(b)(2), made. ↩
9. See also Luke v. Commissioner,T.C. Memo. 1964-176↩. 10. See also Stroman v. Commissioner,T.C. Memo. 1978-96↩.
11. Sec. 6512(b)(1) provides in pertinent part-- (b) Overpayment Determined by Tax Court.-- (1) Jurisdiction to Determine.--* * * if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year * * * the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court becomes final, be credited or refunded to the taxpayer. ↩
12. Sec. 6401 provides-- (a) Assessment and Collection After Limitation Period.--The term "overpayment" includes that part of the amount of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto.↩
13. See also Wiener v. Commissioner,T.C. Memo. 1971-56↩, in which we received evidence concerning taxpayer's receipt or non-receipt of his refund check and the effect of that fact on the ultimate fact to be decided, the proper amount of a deficiency or overpayment.
14. As we pointed out in Bolnick v. Commissioner,44 T.C. 245 (1965), the provisions of sec. 6512(b)(2) define the parameters of our jurisdiction to consider this point. We may take into account the amount of taxpayer's refund in determining an overpayment "if we find that a timely claim for refund for the amount could have been filed (whether or not it was in fact filed) on the date that the statutory notice of deficiency was mailed." Bolnick v. Commissioner,supra at 260; sec. 6512(b)(2)↩.
15. Sec. 7422(a) provides-- (a) No Suit Prior to Filing Claim for Refund.--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof. Sec. 7422(e) provides-- (e) Stay of Proceedings.--If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Claims Court for the recovery of any income tax, * * * mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the United States Claims Court, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. * * * 16. See also Stafford v. Commissioner,T.C. Memo. 1983-650; Vickers v. Commissioner,T.C. Memo. 1983-429↩.
17. See also Fink v. Commissioner,T.C. Memo. 1984-505↩.
18. Congress established a recovery plan for people whose Treasury checks have been stolen or lost without any fault by the claimant. See 31 U.S.C. sec. 3343. There is a four prong recovery test which a claimant must satisfy in order to recover: (1) the check was lost or stolen without fault of the payee; (2) the check was negotiated and paid on a forged endorsement of the payee's name; (3) the payee did not participate in any part of the proceeds of the negotiation; and (4) recovery from the forger on the check after the forgery has been or may be delayed or unsuccessful. 31 U.S.C. sec. 3343(b)↩.
19. See also Rosenberg v. Commissioner,T.C. Memo. 1970-201↩.
20. Petitioner apparently has not yet requested that refund replacement checks be issued to him by the Division of Check Claims, Bureau of Government Operations, Department of Treasury.↩