LONN A. TROST AND CAROL D. TROST, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 22031-89.      Filed November 21, 1990.

*Stuart A. Smith* and *Joel J. Goldschmidt,* for the petitioners.

*William F. Halley,* for the respondent.

## OPINION

NIMS, *Chief Judge:* This case is before the Court on respondent's motion to dismiss for lack of jurisdiction as to petitioners' distributive share of losses and credits from Stevens Recycling Associates for 1982 and to strike.

## Background

Petitioners acquired a partnership interest in Poly Reclamation Associates (Poly Reclamation) and Stevens Recycling Associates (Stevens) during 1981 and 1982, respectively. Stevens was a partnership subject to the partnership provisions of subchapter C of chapter 63 added to the Code by section 402(a) of the Tax Equity & Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324 (the TEFRA provisions) for 1982. Poly Reclamation was a partnership not subject to the TEFRA partnership provisions for 1982. On their 1982 income tax return, petitioners claimed losses and credits with respect to their interests in Poly Reclamation and Stevens as follows:

|  | Losses | Credits |
|---|---|---|
| Poly Reclamation | $409 | - - - |
| Stevens | 13,063 | $25,620 |

On December 10, 1986, petitioners filed an amended Federal income tax return (the first amended return) for 1982. On their first amended return, petitioners claimed losses and credits with respect to their interests in Poly Reclamation and Stevens as follows:

|  | Losses | Credits |
|---|---|---|
| Poly Reclamation | - - - | - - - |
| Stevens | $15,000 | - - - |

Due to these adjustments, petitioners' income tax liability for 1982 increased by $24,792. On December 10, 1986, petitioners paid the additional income tax due from the adjustments with interest.

On November 16, 1987, petitioners filed an amended income tax return (second amended return) reversing the adjustments previously made on the first amended return and claimed a refund in the amount of $24,792 with interest. Respondent has not made any determination with respect to the refund claim.

On June 5, 1989, respondent issued a notice of Final Partnership Administrative Adjustment (FPAA) to Stevens for 1982 through 1985. On July 24, 1989, Sam Winer, the tax matters partner of Stevens, filed a petition for readjustment of the partnership items with this Court. See sec. 6226(a).

By statutory notice of deficiency dated June 15, 1989, respondent determined deficiencies in and additions to petitioners' Federal income taxes attributable to non-partnership items as follows:

| | | Additions to tax | | |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 |
| 1981 | $5,127.21 | $1,308.41 | * | $7,850.46 |
| 1982 | 675.63 | 33.78 | * | - - - |

*50 percent of the interest due on the deficiency.

(Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue.) Respondent ignored the partnership items of Stevens in determining that petitioners were liable for a deficiency attributable to nonpartnership items for 1982. See *Munro v. Commissioner,* 92 T.C. 71 (1989).

On September 8, 1989, petitioners timely filed a petition for redetermination of respondent's deficiency determinations and claimed therein that they had made an overpayment of income tax attributable to their distributive share of losses and credits from Stevens for 1982. On October 27, 1989, respondent filed respondent's motion to dismiss for lack of jurisdiction as to petitioners' distributive share of losses and credits from Stevens Recycling Associates for 1982 and to strike. On November 20, 1989, petitioners filed an objection to respondent's motion to dismiss and attached a memorandum in support thereof.

The issue for decision is whether we have jurisdiction to determine an overpayment attributable to partnership items in a proceeding for redetermination of deficiencies attributable to nonpartnership items.

## Discussion

Respondent asserts that we do not have jurisdiction to determine an overpayment attributable to partnership items in this case because disputes involving partnership items are litigated separately from disputes involving nonpartnership items under *Maxwell v. Commissioner,* 87 T.C. 783 (1986). Petitioners contend that *Maxwell* does not apply to this case because respondent had issued an FPAA to the partnership before petitioners filed their petition. We agree with respondent. *In Maxwell v. Commissioner, supra,* re-

spondent determined deficiencies in the taxpayers' income taxes attributable to both partnership items and non-partnership items. The taxpayers filed a petition challenging respondent's deficiency determinations. Thereafter, respondent filed a motion to strike for lack of jurisdiction as to any portion of the deficiencies attributable to partnership items.

In *Maxwell v. Commissioner, supra* at 788, we analyzed the statutory pattern and legislative history of the TEFRA provisions and stated as follows:

> It is evident both from the statutory pattern and from the Conference report that Congress intended administrative and judicial resolution of disputes involving partnership items to be separate from and independent of disputes involving nonpartnership items. Consequently, the portion of any deficiency attributable to a "partnership item" cannot be considered in the partner's personal case involving other matters that may affect his income tax liability. * * *

In sum, judicial resolution of disputes involving partnership items are separate from and independent of disputes involving nonpartnership items. Thus, the portion of any deficiency attributable to partnership items cannot be considered in the partner's personal case.

In the present case, respondent determined deficiencies in petitioners' income taxes attributable to nonpartnership items for 1981 and 1982. Petitioners filed a petition for redetermination of respondent's deficiency determinations and claimed therein that they had made an overpayment attributable to partnership items for 1982. Under our reasoning in *Maxwell,* we do not have jurisdiction to consider petitioners' claim for an overpayment attributable to partnership items because this case only involves nonpartnership items.

Petitioners, however, contend that one of the "linchpins" of our decision in *Maxwell* was the finding that no FPAA had been issued to the partnership *before* the petition was filed. Thus, petitioners contend that our reasoning in *Maxwell* does not apply to this case because petitioners filed their petition *after* respondent issued the FPAA to the partnership.

Petitioners appear to rely on the following statement in *Maxwell v. Commissioner, supra* at 789, to support their contention:

> In this case, no FPAA has been issued to [the partnership]. Because the issuance of an FPAA is a condition precedent to the exercise of our jurisdiction over a partnership action, it follows that we have no jurisdiction in this case to redetermine any portion of a deficiency attributable to a "partnership item." * * *

Petitioners apparently take the position that we did not have jurisdiction in *Maxwell* to redetermine any portion of the deficiency attributable to a partnership item only because no FPAA had been issued to the partnership. Thus, petitioners contend our decision in *Maxwell* does not control this case because respondent issued an FPAA to the partnership, Stevens, *before* the petition was filed.

Petitioners have misconstrued our statement in *Maxwell* by not considering the context in which it was made. Before discussing the fact that no FPAA had been issued to the partnership, in *Maxwell v. Commissioner, supra* at 787-788, we examined the statutory pattern of the TEFRA provisions and quoted the following excerpt from the legislative history:

> Existing rules relating to administrative and judicial proceedings, statutes of limitations, settlements, etc., will continue to govern the determination of a partner's tax liability attributable to nonpartnership income, loss, deductions, and credits. Neither the Secretary nor the taxpayer will be permitted to raise nonpartnership items in the course of a partnership proceeding nor may partnership items, except to the extent they become nonpartnership items under the rules, be raised in proceedings relating to nonpartnership items of a partner. [H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 600, 668.]

Based on the statutory pattern and legislative history of the TEFRA provisions, we concluded that "The 'partnership items' must be separated from the partner's personal case and considered *solely in the partnership proceeding." Maxwell v. Commissioner, supra* at 788. (Emphasis added.) We further explained that under the rules of the Tax Court "[this] 'Court does not have jurisdiction of a partnership action' if no FPAA has been issued." *Maxwell v. Commissioner, supra* at 788. Because no FPAA had been issued to the partnership, we did not have jurisdiction to redetermine

any portion of a deficiency attributable to partnership items. *Maxwell v. Commissioner, supra* at 789.

We did not, however, conclude in *Maxwell* that if respondent had issued an FPAA to the partnership, we would have had jurisdiction to redetermine the portion of the deficiency attributable to *both* partnership and nonpartnership items in a single proceeding. Rather, we concluded that we would only have jurisdiction to redetermine partnership items in a *separate partnership proceeding* if respondent had issued an FPAA the partnership. Consequently, we reject petitioners' contention that partnership items may be litigated in a nonpartnership proceeding if an FPAA has been issued to the partnership before a partner's petition is filed.

Petitioners' request that we retain jurisdiction to determine an overpayment attributable to partnership items stems from their concern that they might be precluded by the doctrine of res judicata from bringing a subsequent suit with respect to the overpayment in District Court.

Petitioners cite *Russell v. United States,* 592 F.2d 1069 (9th Cir. 1979), to show how the doctrine of res judicata might preclude them from bringing a subsequent suit in District Court. In *Russell,* a taxpayer filed a refund suit in District Court and thereafter filed a petition in the Tax Court for redetermination of a deficiency with respect to the same taxable year as the refund claim. The Ninth Circuit stated that "The Tax Court acquired jurisdiction to decide, not only whether the Commissioner's assertion of a deficiency was correct, but also whether [taxpayer's] claim that she had overpaid was correct" under section 6512(b)(1). *Russell v. United States, supra* at 1071. Thus, the taxpayer was barred from pursuing her refund suit in District Court after the Tax Court entered its decision by the doctrine of res judicata. *Russell v. United States, supra* at 1072.

This Court is a court of limited jurisdiction and may only exercise jurisdiction to the extent expressly permitted by statute. *Judge v. Commissioner,* 88 T.C. 1175, 1180-1181 (1987); see sec. 7442. The possibility that petitioners might be precluded from bringing a suit in District Court for an overpayment attributable to partnership items by the doctrine of res judicata does not give us jurisdiction to

consider partnership items in a nonpartnership item proceeding.

In this regard, however, we note that the doctrine of res judicata only bars a subsequent suit if the claim could have been litigated in a prior case. *Commissioner v. Sunnen,* 333 U.S. 591 (1948). In this case, we do not have jurisdiction to determine an overpayment attributable to partnership items. Therefore, petitioners' concern that they will be precluded from bringing a suit for an overpayment attributable to partnership items in District Court by the doctrine of res judicata appears to be unwarranted.

Accordingly, respondent's motion to dismiss for lack of jurisdiction as to petitioners' distributive share of losses and credits from Stevens Recycling Associates for 1982 and to strike will be granted. To reflect the foregoing,

*An appropriate order will be issued.*