**Richard B. PALLACK, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 04–75714.

United States Court of Appeals, Ninth Circuit.

Argued March 9, 2007.

Resubmitted Oct. 8, 2008.

Filed Oct. 16, 2008.

Before: T.G. NELSON, GRABER, and IKUTA, Circuit Judges.

MEMORANDUM *

Richard B. Pallack appeals the Tax Court's determination that he failed to challenge his 1993 tax liability despite having had the opportunity, and thus could not challenge that liability at his Collections Due Process (CDP) hearing. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We affirm.

Had Pallack timely appealed the 1993 notice of deficiency before the Tax Court, he could have argued that no deficiency existed based on his carryback theory. *See* 26 U.S.C. § 6214(b) ("The Tax Court in redetermining a deficiency of income tax for any taxable year ... shall consider such facts with relation to the taxes for other years ... as may be necessary correctly to redetermine the amount of such deficiency...."); *Russell v. United States,* 592 F.2d 1069, 1072 (9th Cir.1979) ("[W]hen [a] taxpayer petition[s] the Tax Court to redetermine the asserted deficiency, the Tax Court acquire[s] jurisdiction to decide the entire gamut of possible issues that control[ ] the determination of the amount of tax liability for the year in question.").

Thus, Pallack had an opportunity to present his argument and to challenge his deficiency before the Tax Court. Accordingly, 26 U.S.C. § 6330(c)(2)(B) precluded him from doing so at the CDP hearing.[1]

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The effect of this statutory provision makes the Tax Court's possible misunderstanding of

the argument in Pallack's petition for the CDP hearing irrelevant.

See 26 U.S.C. § 6330(c)(2)(B) (providing that a taxpayer may challenge his underlying tax liability at a CDP hearing only if he did not receive a notice of deficiency or did not otherwise have an opportunity to challenge the liability).

AFFIRMED.