T.C. Memo. 1998-396


UNITED STATES TAX COURT


MICHAEL ALAN JABLONSKI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24874-97R.              Filed November 10, 1998.


Michael Alan Jablonski, pro se.

David W. Sorensen, for respondent.


MEMORANDUM OPINION

POWELL, Special Trial Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner filed a petition for declaratory judgment to review a favorable determination by respondent with respect to amendments to a retirement plan.

The facts may be summarized as follows.  Petitioner was employed by Design Analysis Associates, Inc. from September 1, 1982, until November 1, 1989.  During part of his employment

petitioner participated in a retirement plan (the plan).
Originally petitioner had the right to withdraw the entire amount
of his accrued benefits in one lump sum distribution.  The plan
was amended in 1994, retroactive to 1989.  The amendment, inter
alia, barred lump sum distributions.  The administrators of the
plan sought a determination from respondent that the plan was
qualified under section 401.[1]  Petitioner opposed the amendment
and the continuing qualification of the plan.  By letter dated
September 19, 1997, respondent issued a favorable determination
to the plan, as amended.  Petitioner then filed a petition for
declaratory judgment with this Court under section 7476.

## Discussion

The Tax Court's jurisdiction is limited to the extent
expressly permitted by statute.  See sec. 7442; Trost v.
Commissioner, 95 T.C. 560, 565 (1990).  Section 7476(a)
authorizes this Court to determine the outcome of a controversy
involving the qualification or continuing qualification of a
retirement plan upon the filing of an appropriate pleading.  A
petition may be filed only by an employer, the plan
administrator, or an employee who qualifies as "an interested
party".  Sec. 7476(b)(1); Rule 211(c)(4)(A).

---

[1]     Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Section 7476(b)(1) limits the persons who may file a petition under section 7476 to, inter alia, "an employee who has qualified under regulations prescribed by the Secretary as an interested party". For purposes here, the definition of an interested party is generally limited to "<u>present</u> employees of the employer who are eligible to participate in the plan" and "other <u>present</u> employees of the employer" who share the same place of business. Sec. 1.7476-1(b)(1), Income Tax Regs.; emphasis added. With regard to certain plan amendments, section 1.7476-1(b)(3), Income Tax Regs., provides:

> In the case of an application for an advance determination as to whether a plan amendment affects the continuing qualification of a plan, if
>
> (i) there is outstanding a favorable determination letter for a plan year to which section 410 applies, and
>
> (ii) the amendment does not alter the participation provisions of the plan,
>
> then [paragraph] (b)(1) * * * shall not apply, and all <u>present</u> employees of the employer who are eligible to participate in the plan * * * shall be interested parties. * * * [Emphasis added.]

The only circumstance in which a former employee qualifies as an interested party is in the event of a plan termination. Sec. 1.7476-1(b)(5), Income Tax Regs. Petitioner concedes that this situation does not involve a plan termination. In short, except in the event of a plan termination, under the regulations former employees are not interested parties for purposes of section 7476 and are not authorized to file a petition with this Court.

<u>Dillon v. Commissioner</u>, T.C. Memo. 1993-239, affd. per curiam without published opinion 12 F.3d 1227 (8th Cir. 1994); <u>Jones v. Commissioner</u>, T.C. Memo. 1980-512, affd. without published opinion 676 F.2d 710 (9th Cir. 1982); see also <u>Romann v. Commissioner</u>, 111 T.C. ___ (1998).

It also should be noted that these are legislative regulations issued pursuant to a specific congressional delegation to the Secretary and, as such, are entitled to greater deference than an interpretive regulation promulgated under the general rulemaking power vested in the Secretary by section 7805(a). <u>Peterson Marital Trust v. Commissioner</u>, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996). We accord such regulations the highest level of judicial deference; viz, we are not to invalidate the regulations unless they are arbitrary, capricious, or manifestly contrary to the statute. <u>Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 843-844 (1984); see also <u>Ahmetovic v. INS</u>, 62 F.3d 48, 51 (2d Cir. 1995). The regulations need not be the only, or even the best, construction of section 7476. See <u>Atlantic Mut. Ins. Co. v. Commissioner</u>, 523 U.S. ___, 118 S. Ct. 1413, 1418 (1998). The Supreme Court has stated that a reviewing court

> need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding. [<u>Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, <u>supra</u> at 843 n.11; citations omitted.]

Thus, to the extent that petitioner contends that the regulations are invalid, we reject that argument.

Petitioner also asserts that during the process leading to respondent's favorable determination the Internal Revenue Service treated him as an interested party. Because respondent treated him as an interested party during the administrative procedure, petitioner did not pursue alternative resolutions to this matter. Petitioner contends, therefore, that respondent should be equitably estopped from challenging his status as an interested party.

We do not question that petitioner may have been treated as an interested party during the administrative proceedings. We, however, are not bound by the actions and the determinations of the parties. Furthermore, jurisdiction cannot be acquired by estoppel. Jurisdiction either exists or it does not, and in this case it does not. Dillon v. Commissioner, supra. Accordingly, respondent's motion to dismiss is granted.

An appropriate order of dismissal will be entered.