T.C. Memo. 2003-207


UNITED STATES TAX COURT


KENNETH A. SAPP, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5759-02L.                    Filed July 15, 2003.


Kenneth A. Sapp, pro se.

<u>Veena Luthra</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  This case is before us on petitioner's motion to dismiss for lack of jurisdiction.[1]  We shall deny that motion.

---

[1]Petitioner filed a memorandum (petitioner's memorandum) in support of his motion to dismiss for lack of jurisdiction.  (We shall refer collectively to that motion and that memorandum as petitioner's motion.)

## Background

The record establishes and/or the parties do not dispute the following:

At the time petitioner timely filed the petition in this case, he resided in Powhatan, Virginia.

On February 5, 2002, respondent's Appeals Office (Appeals Office) mailed to petitioner a notice of determination concerning collection actions(s) under section 6320 and/or 6330[2] (notice of determination). That notice, which pertained to petitioner's taxable years 1990, 1991, 1992, 1993, and 1996, stated in pertinent part:

**Summary of Determination**

The Internal Revenue Service mailed a Letter 1058, **Final Notice - Notice Of Intent To Levy And Notice Of Your Right To A Hearing**, on March 7, 2001 concerning the unpaid Federal income tax (Form 1040) for the periods ending noted above [taxable years 1990, 1991, 1992, 1993, and 1996]. In response to the letter you submitted Form 12153, received April 2, 2001, requesting a Collection Due Process Hearing. Your request was forwarded to this Appeals Office.

Since you did not respond to the Appeals Officer's request for information nor attend the scheduled conference on October 9, 2001, we will return you [sic] case to the Collection function for collection appropriate action.

An attachment to the notice of determination stated in pertinent part:

---

[2]All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

**Applicable Law and Administrative Procedures**

IRC section 6631(d) requires that the IRS notify a taxpayer at least 30 days before the day of levy. Notice CP 523 was mailed to you via certified mail.

IRC section 6630(a) states that no levy may be made unless the IRS notifies a taxpayer of the opportunity for a hearing with the IRS Office of Appeals. Notice CP 523 "Notice of Intent to Levy" was mailed to you via certified mail. You made a timely request for a hearing.

IRC section 6330(c) allows you to raise any relevant issue relating to the unpaid tax or the proposed levy at the hearing.

**Relevant Issues Raised by the Taxpayer**

You did not attend the Scheduled hearing and have not responded to any contact by the Appeals Office.

**Balancing Collection and Intrusiveness**

The outstanding tax liabilities for 1990, 1991, 1992 and 1993 are based on the returns you filed for those years. The 1996 liability is based on information the IRS had on file. * * *

Since you have not responded to any contact by the Appeals Office, your case will be returned to the Collection function for appropriate action.

Respondent acknowledges in respondent's response to peti-

tioner's motion: "The February 5, 2002, Notice of Determination

did not contain all the statements required by Treas. Reg. §

301.6330-1(e)(3) Q&A-E8. For this reason, Appeals sent to

petitioner the Supplemental Notice dated May 1, 2003."

The "Supplemental Notice dated May 1, 2003" referred to in

respondent's response to petitioner's motion is a supplemental

notice of determination concerning collection actions(s) under

section 6320 and/or 6330 (supplemental notice of determination), which the Appeals Office mailed to petitioner on May 1, 2003, after petitioner filed the petition in this case.  That supplemental notice, which pertained to petitioner's taxable years 1990, 1991, 1992, 1993, and 1996, stated in pertinent part:

**Summary of Determination**

The Internal Revenue Service mailed a Letter 1058, **Final Notice - Notice Of Intent To Levy And Notice Of Your Right To A Hearing**, on March 7, 2001 concerning the unpaid Federal income tax (Form 1040) for the periods ending noted above [taxable years 1990, 1991, 1992, 1993, and 1996].  In response to the letter you submitted Form 12153, received April 2, 2001, requesting a Collection Due Process Hearing.  Your request was forwarded to this Appeals Office.

Since you did not respond to the Appeals Officer's request for information nor attend the scheduled conference on October 9, 2001, this office issued a Notice of Determination. We are returning your case to the IRS Area Counsel's office for trial preparation.

An attachment to the supplemental notice of determination stated in pertinent part:

**Legal and Procedural Requirements**

The Appeals Officer verified that the applicable laws and administrative procedures have been met.  IRC Sec. 6321 provides a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand.  Transcripts of the taxpayer's accounts show the Service Center issued notice and demand as follows:

| Year | Date |
|------|------|
| 1990 | September 21, 1992 |
| 1991 | July 19, 1993 |
| 1992 | August 1, 1994 |
| 1993 | August 1, 1994 |
| 1996 | November 9, 1998 |

The obligations remain unpaid; the transcripts indicate that assessments were made on the date the notices were issued.

       \*       \*       \*       \*       \*       \*       \*

This Appeals Officer has had no prior involvement with respect to these liabilities * * *.

The outstanding liabilities for 1990-1993 are based on returns you filed for those years.  The 1996 liability is based on a NOTICE OF DEFICIENCY. * * * Review of your file shows the Internal Revenue Service issued the NOTICE OF DEFICIENCY on June 5, 1998 for the 1996 taxable year and you did not appeal the notice.

**Validity of the Assessment**

The assessments are all valid according to the Appeals Officer's review of the transcripts of account.

       \*       \*       \*       \*       \*       \*       \*

**Balancing Efficient Collection and Intrusiveness**

IRC Sec. 6330 requires that the Appeals Officer consider whether any collection action balance [sic] the need for efficient tax collection with the legitimate concern that any collection action be no more intrusive than necessary.  You have not provided an acceptable payment alternative to the proposed levy action that would satisfy the underpayments.  Therefore, it is determined that the proposed levy action balances the Government's need for effective tax collection with your legitimate concerns of intrusiveness.

## Discussion

In support of petitioner's motion, petitioner argues:

> On its face, the * * * [notice of determination] is invalid:  it fails to comply with a notice's specific content requirements as set forth in Treasury Regulation § 301.6330-1(e)(3)(Q&A-E8)(i); it fails to comply with a notice's general content requirements as set forth in I.R.C. § 6330(c)(3).  By issuing the * * * [supplemental notice of determination] to Petitioner, Respondent has affirmed that the * * * [notice of determination] is invalid.
>
> The Court's jurisdiction under I.R.C. § 6330(d)(1) depends upon the issuance of a valid Notice of Determination.  Goza v. Commissioner, 114 T.C. 176, 182 (2000).  Yet no valid Notice of Determination has been issued in this case.  Therefore, the Court should dismiss this case for lack of jurisdiction.  [Reproduced literally.]

In petitioner's memorandum, petitioner elaborates on the foregoing arguments as follows:

> The * * * [notice of determination] issued in this case, inter alia, neglects to set forth Appeals' findings and decisions; does not resolve the issue raised by Petitioner in his Form 12153, Request for a Collection Due Process hearing; and fails to state whether the IRS met the requirements of any applicable law or administrative procedure.  I.R.C. §6330(c)(3). Treasury Regulation § 301.6330-1(e)(3)(Q&A-E8)(i).  [Reproduced literally.]

The Court has jurisdiction to review the determination made under section 6330(c)(3) by the Appeals Office of the Internal Revenue Service upon the timely filing of a petition.  Sec. 6330(d)(1)(A).  The Court has held that a "written notice that embodies a determination to proceed with the collection of the taxes in issue" is a determination for purposes of the Court's

jurisdiction under section 6330(d)(1)(A).  <u>Lunsford v. Commissioner</u>, 117 T.C. 159, 164 (2001).

The notice of determination in the instant case stated:

> Since you did not respond to the Appeals Officer's request for information nor attend the scheduled conference on October 9, 2001, we will return you [sic] case to the Collection function for collection appropriate action.

We hold that the notice of determination embodies a determination to proceed with the collection of petitioner's tax liability for each of his taxable years 1990, 1991, 1992, 1993, and 1996.  We further hold that we have jurisdiction to review that determination in the instant case.[3]

We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing,

<u>An order denying petitioner's motion will be issued</u>.

---

[3]Respondent's acknowledgement in respondent's response to petitioner's motion that the notice of determination "did not contain all the statements required by Treas. Reg. § 301.6330-1(e)(3) Q&A-E8" does not affect our jurisdiction to review the determination in that notice to proceed with the collection of petitioner's tax liability for each of his taxable years 1990, 1991, 1992, 1993, and 1996.