T.C. Memo. 2006-7


UNITED STATES TAX COURT


CLAUDE E. AND DANA L. SALAZAR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2203-05L.          Filed January 18, 2006.


<u>Jeremy H. Speich</u> and <u>Vincent L. Valenza</u>, for petitioners.

<u>Diana P. Hinton</u>, for respondent.


MEMORANDUM OPINION


MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction and to
strike as to Mr. Salazar's employment tax liabilities for the
quarters ended December 1998 through June 2001 on the grounds
that (1) respondent never issued a notice of determination

concerning a collection action under section 6330[1] with respect to the employment tax liabilities, and (2) the Tax Court does not have jurisdiction over Mr. Salazar's employment tax liabilities.

Background

Petitioners resided in Nassau, New York, when their petition was filed.

From April 1995 until at least sometime in 2001, petitioners operated a sole proprietorship, Artistic Nature.[2]  In January 2001, petitioners filed a chapter 7 bankruptcy petition.  On July 25, 2002, the U.S. Bankruptcy Court discharged petitioners from all dischargeable debts.  However, at the time of the hearing in the instant case on respondent's motion to dismiss, petitioners had not yet received a final accounting and distribution[3] from the U.S. Trustee.

On a date that does not appear in the record, petitioners received a Notice of Intent To Levy and Notice of Your Right to a

---

[1]All section references are to the Internal Revenue Code in effect at the time the petition was filed.

[2]Although both petitioners operated the business, the employment tax liabilities appear in Mr. Salazar's name only, and we address them as such here.

[3]Petitioners anticipate receiving a distribution of approximately $20,000 from the U.S. Trustee after fees and expenses.

Hearing from respondent.[4]  On December 16, 2003, petitioners filed a Form 12153, Request for a Collection Due Process Hearing, with respect to their unpaid employment and income tax liabilities for the years 1997 through 2001.  On their Form 12153, petitioners requested additional time to enable the U.S. Trustee to complete the final accounting regarding the bankruptcy estate and to make final distribution in the bankruptcy case.  Petitioners intend to apply any distribution they receive to their outstanding tax liabilities.

On or about May 10, 2004, petitioners sent a completed Form 656, Offer in Compromise, to respondent, offering to compromise specified Federal tax liabilities for $9,024.25.  The offer-in-compromise covered petitioners' income tax liabilities for 1997, 1998, and 1999 and Mr. Salazar's employment tax liabilities for the quarters ending December 31, 1998, through September 30, 1999, and March 31, 2000, through June 30, 2001.[5]

By letter dated May 14, 2004, respondent scheduled petitioners' Appeals Office hearing for June 3, 2004.  According

---

[4]The record does not indicate for which of petitioners' tax liabilities the notice of intent to levy was sent.

[5]Petitioners contend that they offered to compromise Mr. Salazar's unpaid employment tax liabilities for all quarters ending Dec. 31, 1998, through June 30, 2001.  However, petitioners did not include the quarter ended Dec. 31, 1999, on the Form 656, Offer in Compromise, they submitted.

to the letter, only petitioners' 1997-99 income tax liabilities were at issue.

The record does not indicate whether the parties met on June 3, 2004. From June 16 through December 3, 2004, however, petitioners' counsel and respondent's counsel exchanged several letters and extensive documentation relating to petitioners' offer-in-compromise. By letter dated November 8, 2004, respondent informed petitioners' counsel that petitioners must increase their offer-in-compromise by the amount of the prospective bankruptcy distribution in order to protect respondent's interest in the distribution proceeds. By letter dated November 22, 2004, petitioners' counsel objected to an increase in the offer-in-compromise and instead offered to execute an agreement assigning petitioners' future rights to the prospective distribution to respondent.

On January 4, 2005, respondent rejected petitioners' offer-in-compromise and issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy action with respect to petitioners' 1997, 1998, and 1999 income tax liabilities.[6] On

---

[6]Attached to the notice of determination in the record are two rejection letters from respondent. One letter rejects the offer-in-compromise for the years 1997, 1998, and 1999. The other rejects the offer for the quarters ending December 1998 through June 2001. However, the notice of determination covers only the income tax liabilities for years 1997, 1998, and 1999.

February 3, 2005, the petition in this case was filed. In the petition, petitioners contended that respondent's rejection of their offer to compromise both their delinquent income tax liabilities and Mr. Salazar's employment tax liabilities was an abuse of discretion.

## Discussion

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made. If the person makes a timely request for a hearing, a hearing shall be held by the Internal Revenue Service Office of Appeals (Appeals Office). Sec. 6330(b)(1).

When the Appeals Office issues a notice of determination to a taxpayer following a section 6330 hearing, the taxpayer has 30 days following the issuance of the notice to file a petition for review of the determination with the Tax Court or, if the Tax Court lacks jurisdiction over the underlying tax liability, with a Federal District Court. Sec. 6330(d). If a court determines that the taxpayer appealed to an incorrect court, the taxpayer will have 30 days after such determination to file an appeal with the correct court. Id.

This Court is a court of limited jurisdiction, and it may exercise its jurisdiction only to the extent authorized by Congress. Sec. 7442; Moore v. Commissioner, 114 T.C. 171, 175

(2000); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  This Court generally has deficiency jurisdiction over income, gift, and estate tax cases.  See secs. 6211(a), 6213(a), 6214(a); <u>Downing v. Commissioner</u>, 118 T.C. 22, 27 (2002); <u>Van Es v. Commissioner</u>, 115 T.C. 324, 328 (2000).  For purposes of section 6330(d), this Court may have jurisdiction over an underlying liability for income, estate, or gift tax even when no deficiency has been determined.  <u>Montgomery v. Commissioner</u>, 122 T.C. 1, 7-8 (2004); <u>Downing v. Commissioner</u>, <u>supra</u> at 27-28; <u>Landry v. Commissioner</u>, 116 T.C. 60, 62 (2001).  However, the Court's jurisdiction over collection matters under section 6330(d)(1) is limited to the types of tax over which it normally has jurisdiction.  See <u>Van Es v. Commissioner</u>, <u>supra</u> at 328-329; <u>Moore v. Commissioner</u>, <u>supra</u> at 175.

Section 7436(a) confers jurisdiction over employment tax liabilities on this Court, but the Court's jurisdiction is limited to controversies involving a worker's employment status.[7] See <u>Charlotte's Office Boutique v. Commissioner</u>, 121 T.C. 89, 102-103 (2003), supplemented by T.C. Memo. 2004-43, affd. 425 F.3d 1203 (9th Cir. 2005); <u>Ewens & Miller, Inc. v. Commissioner</u>, 117 T.C. 263, 267 (2001).  Respondent argues that this Court lacks jurisdiction over Mr. Salazar's employment tax liabilities

---

[7]Sec. 7436(a) was amended by the Consolidated Appropriations Act of 2001, Pub. L. 106-554, sec. 314(f), 114 Stat. 2763A-643, to confer such jurisdiction.

because respondent did not issue a notice of determination regarding the unpaid employment tax liabilities and because there is no dispute over employment status. Respondent also argues that he did not make a determination concerning employment status. We agree with respondent.

It is undisputed that petitioners did not receive a formal notice of determination from respondent with respect to Mr. Salazar's employment tax liabilities. Petitioners argue, however, that respondent's January 4, 2005, rejection letter addressing petitioners' offer-in-compromise for the employment tax periods, which was sent in the same envelope as the notice of determination for the income tax liabilities, is sufficient to constitute a determination with respect to the employment tax liabilities for purposes of section 6330. Alternatively, petitioners contend that respondent should be compelled to issue a notice of determination with respect to Mr. Salazar's employment tax liabilities because petitioners included those liabilities in their request for a section 6330 hearing.

Under section 6330(c)(2)(A), a taxpayer may raise at a section 6330 hearing any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection action, and offers of collection alternatives. Under some circumstances, a taxpayer may also challenge the existence or amount of the

underlying tax liability. Sec. 6330(c)(2)(B). After the hearing, the Appeals officer who presided over the hearing is required to issue a notice of determination that must set forth the officer's findings and decisions, including the following:

> [The Notice of Determination] will state whether the IRS met the requirements of any applicable law or administrative procedure; it will resolve any issues appropriately raised by the taxpayer relating to the unpaid tax; it will include a decision on any appropriate spousal defenses raised by the taxpayer; it will include a decision on any challenges made by the taxpayer to the appropriateness of the collection action; it will respond to any offers by the taxpayer for collection alternatives; and it will address whether the proposed collection action represents a balance between the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. The Notice of Determination will also set forth any agreements that Appeals reached with the taxpayer, any relief given the taxpayer, and any actions the taxpayer or the IRS are required to take. Lastly, the Notice of Determination will advise the taxpayer of the taxpayer's right to seek judicial review within 30 days of the date of the Notice of Determination.

Sec. 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs. In deciding whether we have jurisdiction over a proceeding filed pursuant to section 6330, we have held that a notice of determination includes a "written notice that embodies a determination to proceed with the collection of the taxes in issue." Sapp v. Commissioner, T.C. Memo. 2003-207 (citing Lunsford v. Commissioner, 117 T.C. 159, 164 (2001)); see also Craig v. Commissioner, 119 T.C. 252, 259 (2002).

Respondent's rejection letter addressing Mr. Salazar's employment tax liabilities does not include the information that a notice of determination is required to include. See sec. 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs. For example, the letter does not address the requirements of applicable law or administrative procedure, the balance between the efficient collection of taxes and the intrusiveness of the proposed levy, or any appellate procedure available to petitioners. The rejection letter also fails to state that respondent intends to proceed with the collection of taxes in issue. The letter simply rejects petitioners' offer-in-compromise and requests that petitioners voluntarily pay their account in full. We conclude, therefore, that the rejection letter is not a notice of determination for purposes of section 6330 and that we lack jurisdiction over petitioners' claim regarding Mr. Salazar's employment tax liabilities under section 6330.

Section 7436(a), which gives us limited jurisdiction over employment tax disputes regarding a worker's employment status, does not solve the jurisdictional problem that petitioners present, nor does it serve as an independent basis for asserting jurisdiction over Mr. Salazar's employment tax liabilities. The issue raised in the petition does not involve any dispute regarding employment status, and respondent has not made a

determination concerning employment status.  Consequently, we do not have jurisdiction under section 7436(a).

Petitioners argue that we nevertheless should assert jurisdiction over Mr. Salazar's collection dispute involving his employment tax liabilities because we did so in another case involving an offer-in-compromise for employment tax liabilities. In Collier v. Commissioner, T.C. Memo. 2004-171, the taxpayer wanted to submit an offer-in-compromise for unpaid income tax liabilities for several years in issue.  However, the Commissioner concluded that the taxpayer was precluded from pursuing an offer because the taxpayer was noncompliant in filing his employment tax returns and in paying his employment tax liabilities as required by the Internal Revenue Manual.  Id. Consistent with other cases addressing similar facts, we held that the Commissioner's decision not to process an offer-in-compromise because the taxpayer had not filed all required tax returns is not an abuse of discretion.  Id.; see also Rodriquez v. Commissioner, T.C. Memo. 2003-153; Londono v. Commissioner, T.C. Memo. 2003-99.

Petitioners' reliance on Collier is misplaced because the facts are distinguishable.  The taxpayer in Collier wanted to compromise only his unpaid income tax liabilities; he was not trying to compromise any employment tax liabilities.  Collier v. Commissioner, supra.  The Appeals officer in Collier refused to

consider any compromise of the taxpayer's income tax liabilities because the taxpayer had not filed all of his returns as required by the Internal Revenue Manual.[8]  We upheld the Appeals officer's determination.  Id.  In this case, petitioners' offer-in-compromise included all of petitioners' unpaid Federal tax liabilities, including Mr. Salazar's employment tax liabilities, and there is no suggestion in the record that petitioners had failed to file required returns when the Appeals officer considered the offer and rejected it on its merits.

Although petitioners are unable to cite a statute that confers jurisdiction on this Court over Mr. Salazar's employment tax liabilities, they nevertheless argue that we should hear their case as a matter of convenience and equity because, otherwise, they must litigate their case in two different forums. Although petitioners raise a legitimate concern,[9] we do not

---

[8]In fact, the taxpayer in Collier v. Commissioner, T.C. Memo. 2004-171, did not actually submit an offer-in-compromise.

[9]Ironically, if petitioners had submitted an offer-in-compromise covering only their income tax liabilities, the offer very likely would have been summarily rejected under the Service's existing procedures because an offer-in-compromise must include all unpaid Federal tax liabilities for it to be processed.  See Rev. Proc. 2003-71, 2003-2 C.B. 517; 1 Administration, Internal Revenue Manual (CCH), sec. 5.8.1.7, at 16,256 (Sept. 1, 2005).  Ideally, a taxpayer's exercise of his rights under sec. 6330 should not subject him to multiple judicial proceedings in order to obtain a complete review of the Service's decision to reject the taxpayer's offer-in-compromise. However, this is what must happen under current law in cases like the one before us.

acquire jurisdiction based on convenience to the parties or judicial economy.  See <u>Trost v. Commissioner</u>, 95 T.C. 560, 565 (1990); <u>Judge v. Commissioner</u>, 88 T.C. 1175, 1180-1181 (1987). Accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction and to strike with respect to Mr. Salazar's employment tax liabilities for quarters ended December 31, 1998, through June 30, 2001.

    To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.